[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 43 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 44 
If we assume, as the appellants contend, that the trust which the executors hold under the will in respect to the interest of Myron H. Ferris, is technical and passive merely, the conclusion does not follow that the plaintiffs are entitled to the relief they claim. By the express provisions of the will, reading the codicil as a part of it, his interest is to terminate on the event of a decree or judgment pronounced against him in a creditors' suit instituted for the purpose of obtaining the fund; and in that event the executors are directed to apply the income to the support of his family by paying the same to his wife, or in any other mode which they in their discretion may adopt. I know of nothing in the rules of law to prevent these provisions from taking effect according to the intention of the testator. It may and should be conceded, that if the bequest to Myron H. Ferris had been given to him absolutely for life, with no provision for its earlier termination, and no limitation over in the event specified, any attempt of the testator to make the interest of the beneficiary inalienable, or to withdraw it from the claims of creditors, would have been nugatory. Such an attempt would be clearly repugnant to the estate in fact devised or bequeathed, and would be ineffectual for that reason, as well as upon the policy of the law. (The Blackstone Bank v. Davis,
21 Pick., 42; Hallett, v. Thompson, 5 Paige, 583;Graves v. Dolphin, 1 Sin., 66, *Page 45 Brandon v. Robinson, 18 Ves., 429.) This doctrine, however, and the cases on which it rests do not deprive a testator of the power to declare effectually that the bequest shall cease on the happening of an event which would subject it to the claims of creditors, and then to give it a different direction. "There is," said Lord Eldon, in Brandon v. Robinson, "an obvious distinction between a disposition to a man until he becomes abankrupt and then over, and an attempt to give him property and to prevent his creditors from obtaining any interest in it although it is his." See, also, Shee v. Hale (13 Ves.,
404); Lewes v. Lewes (6 Sim., 304); and Graves v.Dolphin (1 id., 66). This distinction is one of substance, and we think the principle on which it depends will sustain the will of the testator in the present case. If a testator may provide that his bounty bestowed upon one person shall cease and go to another on the occurrence of bankruptcy, I can see no reason why he may not do so in the event of an execution returned unsatisfied, followed by a creditors' suit and judgment therein.
The decision of the court below is right in another aspect. Prior to the Revised Statutes it was an open question, whether after execution at law returned unsatisfied, a court of equity had jurisdiction, in the absence of special circumstances of fraud and trust, to entertain a creditors' suit for the discovery and appropriation of the debtor's interest in stocks, choses in action, legacies and property which could not be reached by the process of courts of law. The case of Donovan v. Finn (1Hopk., 59) is a direct adjudication that the court of chancery possessed no such power. In the case of Hadden v. Spader (20Johns., 554), the question was not necessarily involved, but the contrary doctrine was distinctly asserted. See, also,Pettit v. Candler (3 Wend., 621). The Revised Statutes (2R.S., 173, § 38) have settled the question in favor of the jurisdiction in general, but against it in the excepted case where a "trust has been *Page 46 
created by, or the fund so held in trust has proceeded from some other person than the debtor himself."
Here the fund in question was created by and proceeded from the testator. It was also a trust fund. Active duties in respect to it were imposed upon the executors and trustees, such as clearly required in them the presence of the legal estate. They were directed to sell both the personal and real estate and invest the proceeds; the time of sale only, in respect to the real estate, being left in their discretion. Myron H. Ferris was to have only the "income and interest" of one-third of the fund during his life. The principal being given over on his death to those designated in the will as his "heirs-at-law." This purpose alone of the testator would require the intervention of a trustee in order to secure the principal to those for whose ultimate benefit it was designed. The trust was clearly active in all its aspects, and without determining the question whether it falls within the enumeration of valid trusts in real estate, it is good as a trust in personal property. It was the clear intention of the testator that the whole of his estate, after paying the debts and the particular legacies, should be converted by sale and investment into a pecuniary fund to be held by the executors and trustees for the purposes indicated; and upon the principle of equitable conversion, the real estate is therefore to be deemed personalty from the time of his death. (Bogert v. Hertell, 4 Hill,
492; Stagg v. Jackson, 1 Comst., 206.)
I have no hesitation, therefore, in saying that the fund which the plaintiffs are endeavoring to reach, is held in trust and comes within the exception of the statute before referred to. It is consequently exempt from the claims of the creditors of Myron H. Ferris, unless the provision is larger than necessary for the support of himself and family, that being the declared object of the trust so far as he is concerned. The exception on which this exemption *Page 47 
rests was doubtless not intended to exonerate a surplus of the fund over and above what is required for the support of the beneficiary and the education and support of those for whom he is bound to provide. Such is the construction which the statute has generally recceived in analogy to the 57th section in the article concerning "uses and trusts" in real estate, which expressly subjects the surplus beyond the sum necessary for support and education to the claims of creditors. (1 R.S., 729, § 57;Clute v. Bool, 8 Paige, 83; Stewart v. McMartin, 5Barb., 438.) But in this case there is no averment in the complaint, nor was there any proof or suggestion on the trial, that the provision made for Ferris, the judgment debtor, was any larger than the objects of the trusts strictly required.
The judgment should be affirmed.