## ORTON *v.* ORTON.

September, 1867.

The term legacy includes any gift of personal property by will, as well those made in lieu of dower, as those which are gratuitous.

The rule that a legacy in lieu of dower is to be preferred to other general legacies, in case of a deficiency of assets, does not apply where the will directs that the legacies mentioned in it shall abate ratably.

James Orton and others appealed to the supreme court from a decree of the surrogate of the county of Dutchess, made on an accounting in the matter of the estate of Henry T. Orton. The respondents in the appeal were Lina Orton and others. The only question arose upon the construction of the will.

The appellants and all of the respondents except Lina Orton, were heirs at law of Henry T. Orton, deceased, and legatees under his last will and testament. Lina Orton is his widow.

By his will the said Henry T. Orton gave to his widow, Lina Orton, in lieu of dower, twenty-five thousand dollars. He also gave her the use of his dwelling-house, with the buildings and lands adjoining, during her natural life. He also gave her, absolutely, all his farming utensils, household furniture and stoves. He then disposed, by devise, of certain real estate which he had in the State of Connecticut, and gave legacies of various sums, respectively, to the appellants and respondents, except the said Lina Orton. The will then proceeded as follows: "My lot of land in the town of Washington, Dutchess county, and State of New York, containing about twelve acres, I direct to be sold, and the sum realized therefrom to be divided among all my heirs in proportion to the sums given to each. At the death of my wife, I direct the surviving executors to sell my house and lot in the town of Washington and divide the sum realized therefrom among the surviving *legatees*, or their children, in proportion to the *legacies* of each. Should my estate not be sufficient to pay the amount of the within named legacies, the deficit shall be divided therefrom in proportion to the sums given to each; *if there be a surplus,*

*it shall be divided to each, in proportion to the sums given,* and subject to the same conditions."

The defendants, Lina Orton, Sarah E. Brace, and his nephew, Samuel De Graff Orton, were appointed executors of the will, and authorized, for the purpose of paying his debts and legacies, to sell or otherwise dispose of property, real and personal, as they should deem best.

Upon the final settlement of the executors before the surrogate of Dutchess, after paying all debts and legacies, there was found to be a surplus amounting to forty-one thousand eight hundred and twelve dollars and seventy-five cents. This included the sum realized from the sale of the twelve-acre lot in the town of Washington, which the executors were directed by the will to sell and divide among *all the heirs* of the testator in proportion to the sums given to each, which sum was eight hundred and forty dollars.

In the distribution of this surplus, under the will, the surrogate gave to the defendant, Lina Orton, the widow of the testator, the sum of twenty thousand eight hundred and fifty-two dollars and fifty cents, being, or intended as, the proportion thereof to which she is entitled under the direction that the surplus "shall be divided to each in proportion to the sums given" each by the will, and counting the twenty-five thousand dollars given her in lieu of dower, as the "sum given" to her mentioned in that clause.

*The supreme court* held, that the surrogate erred in awarding the widow any part of the proceeds of the real estate in Washington, for by the will this was given to the heirs in proportion to the sums given to each of them by the will; but that the surrogate was right in allowing her proportion in the surplus, and according to her legacy; for the amount given her must be deemed a legacy, although given in lieu of dower. Accordingly, the sum of four hundred and seventeen dollars and ninety-two cents, of the proceeds, was deducted from the sum awarded to the widow, and directed to be distributed to the heirs in proportion to the amounts of their respective pecuniary legacies; and the widow was adjudged to be entitled to twenty thousand four hundred and thirty-four dollars and fifty-eight cents, as her distributive share.

Orton v. Orton.

The heirs, excepting two of them, joined in an appeal to this court, from that part of the judgment which allowed her the latter sum.

*R. H. Chittenden,* attorney for plaintiff, appellant;—Cited Bunner *v.* Storm, 1 *Sandf. Ch.* 357;* Mann *v.* Mann, 14 *Johns.* 1; affirming 1 *Johns. Ch.* 231; McKeen's Appeal, 42 *Penn.* 479; De Kay *v.* Irving, 5 *Den.* 646; affirming 9 *Paige,* 521; Brown *v.* Lyon, 6 *N. Y.* (2 *Seld.*) 419; 5 *Com.* 221; 1 *Bradf.* 208; Lasher *v.* Lasher, 13 *Barb.* 106; 2 *Blackst.* 512; 2 *Stephens,* 258; Isenhart *v.* Brown, 1 *Edw.* 411; Leonard *v.* Steele, 4 *Barb.* 20; Hubbard *v.* Hubbard, 6 *Metc.* 20; Bull *v.* Church, 5 *Id.* 207; 14 *Ves.* 382; 18 *Id.* 49; Hepburn *v.* Hepburn, 2 *Bradf.* 74; 1 *Russ.* 543; Williamson *v.* Williamson, 6 *Paige,* 298; 1 *Roper on Legacies,* 247, 430; *Just. Inst.* lib. 2 A, 20, § 13; *Dig. de Donat.* lib. 39 A, 5, 1. 29; *Id.* l. 1; *Id.* l. 18; Havens *v.* Havens, 1 *Sandf. Ch.* 324; Parks *v.* Parks, 9 *Paige,* 107; Areson *v.* Areson, ·5 *Hill,* 410;† *Brown Legal Maxims,* 243, *et sequens;* Sholl *v.* Sholl, 5 *Barb.* 312; *Jarman on Wills,* Rule X and cases cited; Cromer *v.* Pinckney, 3 *Barb. Ch.* 466.

*Calvin G. Child* and *Lyman D. Brewster,* for defendants, respondents;—Cited 1 *Jarman on Wills,* 4 Am. ed. 384, and n. 1, 397; 2 *Williams on Exrs.* 4 Am. ed. 1298, and n. 1, 947; Hyde *v.* Baldwin, 17 *Pick.* 308; 1 *Roper,* 297, 432; 2 *Redf. on Wills,* 750, 553, n. 25, 551, § 10; 753, § 32, 433, n. 18; Blower *v.* Morrett, 2 *Ves. Sen.* 420; Burridge *v.* Brady, 1 *P. Williams,* 126; Heath *v.* Hendy, 5 *Russ.* 543; Davenhill *v.* Fletcher; *Ambler,* 244; Norcut *v.* Gordon, 14 *Sinn.* 258; Asa *v.* Simpson, 5 *Beav.* 35; Wood *v.* Vandenburgh, 6 *Paige,* 277; Isenhart *v.* Brown, 1 *Edw.* 411; Locock *v.* Clarkson, 1 *Dessau S. Car.* 471, 500; Hubbard *v.* Hubbard, 6 *Metc.* 50; Pollard *v.* Pollard, 1 *Allen,* 490; Nevis *v.* McCraig, 3 *Metc. Ky.* 151; Jett *v.* Bernhard, 3 *Coll. Virg.* 11; 2 *Madox Ch.* 57; Hopgood *v.* Houghton, 22 *Pick.* 480; East *v.* Cook, 2 *Ves. Sen.* 30; Ward *v.* Ward, 15 *Pick.* 511; Pickering *v.* Stamford, 3 *Ves.* 332;

---

* Execution of powers;—examined in 1 *N. Y.* (1 *Comst.*) 341, 350.
† Reversed in 3 *Den.* 458.

Lyon *v.* Acker, 33 *Conn.* 222, 224; Garrick *v.* Lord Camden, 14 *Ves.* 380; *ut ait* Sir S. Romilly *arg.;* Havens *v.* Havens, 1 *Sandf. Ch.* 324; approved, Mills *v.* Mills, 28 *Barb.* 454; Pirnie *v.* Purdy, 19 *Id.* 60; Ward *v.* Grey, 26 *Beav.* 485; Heath *v.* Weston, 3 *De Gex, M. & G. R.* 601; *Jarman on Wills* (Wal. & V. S. ed.) 707; *Broom Legal Maxims,* 243; Dashwood *v.* Peyton, 18 *Ves.* 49; McKeen's Appeal, 42 *Penn.* 479; 2 *Story Eq. Jur.* § 1098; 4 *Kent,* 5 ed. 57.

By the Court.—J. M. Parker, J.—The question is, whether the widow, by virtue of the twenty-five thousand dollars given her in lieu of dower, is entitled, under the clause in the will in respect to the division of the surplus, to share in such surplus. The appellants insist that she is not, on the ground that the testator intended, as shown by the will, to divide the surplus among the *legatees* in proportion to their *legacies,* and that a bequest in lieu of dower is not a legacy, and the widow, in respect to such bequest, not a legatee.

Notwithstanding the bequest to the wife was declared to be in lieu of dower, it is incorrect to say that it was not a legacy. Such it was in legal as well as common parlance, and it is constantly called by that name in the books. 2 *Williams on Exrs.* 1169, 1170; 2 *Redf. on Wills,* 553, n. 25; 1 *Roper on Leg.* 297; 432; Wake *v.* Wake, 1 *Ves. Jr.* 335; Williamson *v.* Williamson, 6 *Paige,* 298. Every bequest of personal property is a legacy, including as well those made in lieu of dower, and in satisfaction of an indebtedness, as those which are wholly gratuitous. The circumstance, whether gratuitous or not, does not enter into consideration in the definition. It is the synonym of the word "bequest." Thus, in *Jacob's Law Dictionary,* it is defined to be "a bequest or gift of goods and chattels by will or testament." In *Bacon's Abridgment* a legacy is defined, "a gift or bequest of a particular thing by testament." *Bac. Abr.* Legacy. "The word 'devise' is specially appropriated to a gift of lands, and the legacy to a gift of chattels." *Id.* note. And when it is said that a legacy is a *gift* of chattels, the word is not limited in its meaning to a gratuity, but has the more exxtended signification, the primary one given by Worcester in his dictionary, "a thing given, either as a gratuity or as a

recompense." Thus the chancellor, in Williamson v. William-
son, 6 *Paige*, 298, 305, uses this language: "For this reason
the *legacy* of the wife, *given* in lieu of dower, does not abate
ratably with others, if the fund is sufficient to satisfy all."

The expression, "the within named legacies," then, as used
in the clause of the will disposing of the surplus, clearly in-
cludes the bequest of the widow, and the language of that
clause makes that bequest, equally with the others, subject to
abatement in case of deficiency to pay the whole, and entitled
to its proportionate increase in case of a surplus.

No doubt the rule is, that a legacy in lieu of dower is to be
be preferred, in case of a deficiency of assets, to other general
legacies. Williamson v. Williamson, *supra*. But this rule is
for cases where the will does not provide a different one. The
bequest to the wife, in lieu of dower, may be made subject to
any condition which the testator chooses to impose upon it,
for the wife is not obliged to give up her dower in exchange for
it, unless she so elects. If it is incumbered by a condition, the
acceptance of it is subject to such condition. In the case at
bar, when the testator said: "Should my estate not be suffi-
cient to pay the *amount of the within named legacies,* the
deficit shall be deducted therefrom in proportion to the sums
given to each," he made the *amount* of the legacy to his wife
conditioned upon the sufficiency of his estate to pay all the
legacies in full, and her election was made in view of that con-
dition, and when he said further, "if there be a surplus, it
shall be *divided to each* in proportion to the sums given, and
subject to the same conditions," he gave to this legacy the
condition that it should be increased, from the surplus, in the
same proportion that it was subject to be diminished by the
deficiency. Such is the clear and explicit language of the
clause in question, and there is nothing in the other parts of
the will, or in the circumstances of the case, to cast a doubt
upon this interpretation.

It is manifest from the case, that the sum named as the
legacy in lieu of dower, very far exceeds the value of the
dower, the estate consisting principally of personal property.
The aggregate amount of the legacies, including that given to
the wife, is fifty thousand one hundred dollars. It seems, then,

that the leading intention of the testator, as shown by the will, was to give his wife about one-half of his personal estate, and as there was scarcely any indebtedness, and the widow was an executrix, it was seen that she would have no difficulty in making her election within a year, between her dower and the provision made by the will, in lieu thereof, even though that provision should be subject to a *pro rata* reduction, with the other legacies, in case of a deficiency. Upon such reduction, in case of a deficiency, and upon the corresponding increase in case of a surplus, the *ratio* would be preserved, and the leading intent carried out.

The proceeds of the twelve-acre lot mentioned, it is manifest he did not intend the widow to share in, but that does not militate against the construction above adopted. In regard to the specific real estate mentioned in the will, his scheme of distribution was different from that adopted for the personal estate. His Connecticut lands he gave to one brother and two sisters, the homestead to his wife for life, remainder to the other legatees, who should survive her, or their children, in proportion to their legacies, and this twelve-acre lot to his heirs in the same proportion. The absence here of the *ratio* appearing in the distribution of his personal estate, does not disprove the intent indicated by the existence of that *ratio* in that distribution; nor tend to show that he did not mean to include the wife's legacy among those subject to be reduced by a deficiency and increased by a surplus.

It is said that the great disproportion which this construction gives the widow is the reason for not adopting it. As there were no children, and no representatives of any, if there had been no will, the widow would have been entitled to one-half of the personal estate. It would seem, then, that a construction of the will which gives her only one-half, does not give her an undue proportion. But this objection also denies the intent of the testator to give her half. We are to assume from the fact, that he provided for the event both of a deficiency and a surplus,—that he supposed the legacies which he gave might exhaust the whole of his estate. Supposing this, he distinctly gives his wife twenty-five thousand dollars, and all the other legatees together twenty-five thousand one hundred

Orton *v.* Orton.

dollars. This he intended; and he consequently intended, if his estate, not otherwise disposed of, should just cover these legacies, that the *ratio* thus indicated should be the *ratio* of distribution between his wife and the other legatees in the aggregate. He meant, in case of a deficit, or a surplus, to keep up the *ratio* established by a comparison of his various legacies, for, all deductions are to be in *proportion to the sums given to each,* and all additions from the surplus in the same proportion. I can see no reason for excepting the sum given to the widow from the operation of this direction. As no intent to exclude it appears, it is necessary to give the language its ordinary meaning and legitimate effect, and that will clearly include the legacy to the widow, as one of the " within legacies," which are to be diminished in case of a deficiency, and increased in case of a surplus.

His making the portion of the surplus divided to each, subject to the same conditions imposed upon the original legacies, affords no reason for supposing that he did not intend to include the widow in this division. It is conceded that the legacy given to her in lieu of dower is given without condition ; the same is true of the legacies given to his brother, James Orton, his nephew, Samuel De Graff Orton, and his niece, Eliza Stewart, and the same consequence would result to them. But this division to each is not dependent upon the existence of a condition annexed to the prior legacies. When the legacy has such condition, the sum added from the surplus is to be subject to the same condition, is all that is meant by the language of this bequest.

I think the judgment of the supreme court clearly right, and that it should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.