### SHUMWAY v. HARMON.°

*Real estate — when treated as personal. Will — construction of. Undertaking — to account for income from property in litigation.*

A testator directed that certain real property should be occupied by I. for one and a half years after his death, at which time the executors should convert the same into money, which they should distribute in a specified manner. *Held,* that the real property at the expiration of the one and a half years became personal estate and vested in the executors for the purpose of carrying out the provisions of the will.

After judgment against I. in an action to recover the possession of lands, I., intending to appeal, executed to plaintiffs an undertaking under seal, with sureties and a nominal consideration, wherein it was agreed that, upon condition that I. was permitted to retain possession of the lands until the final determination of the action, if the determination was adverse to I. they would be liable for the rents and profits of the lands to an amount not exceeding $600 per annum. *Held,* that the undertaking was valid and the sureties liable according to its terms.

APPEAL by defendants from a judgment in favor of plaintiffs entered upon the report of a referee.

The action was brought by John W. Shumway and others, executors, etc., of Isaac Shumway, deceased, against Harvey L. Harmon and others, upon two undertakings executed by defendants to stay proceedings in an action by the plaintiffs in this action against Isaac G. Shumway and others. Sufficient facts appear in the opinion.

*H. L. Comstock,* for appellants.

*E. G. Lapham,* for respondents.

Present — MULLIN, P. J., E. DARWIN SMITH and MORGAN, JJ.

E. DARWIN SMITH, J.   By the second clause of the will of Isaac Shumway it was ordered and directed that Isaac G. Shumway, the son of the testator, should work the testator's farm in Phelps, as he was then doing, on shares for the term of one and a half years after his decease, and, at the expiration of said year and a half after his decease, the testator directed that his said farm and personal property should be sold by his executors and the amount or amounts received upon the sale of his said real and personal estate should be divided among his children in the manner thereinafter specified in said will.   The testator died on the 22d day of January, 1865, and the year and a half, during which said Isaac G. Shumway was entitled to continue in the possession of said farm and to work the same, expired on the 22d day of July, 1867.   Immediately upon the expiration of this one year and a half it was the duty of the executors, who are the plaintiffs in this action, and the said Isaac G. Shumway, to sell the real estate of the said testator, and his personal estate, and convert them into money to be distributed according to the provisions of said will.   This duty was absolute, dependent upon no contingency, no discretion being left to the said executors, and was to be immediately performed.

Upon the principle that equity considers that as done which ought to have been done, and that lands and other property directed to be sold and turned into money are to be considered as that species of property into which they are directed to be converted, the said real and personal estate of the said Isaac Shumway, deceased, must be considered as converted into money, and to have become personal estate in the hands of the executors of said will, as of the said date, the 22d day of July, 1867.   1 Jarman on Wills, 473, chap. 20 ; *Bramhall* v. *Ferris,* 14 N. Y. 41 ; *Bogert* v. *Hertele,* 4 Hill, 492 ; *Manice* v. *Manice,* 43 N. Y. 372 ; *White* v. *Howard,* 46 id. 162.

This view meets the argument of the defendant's counsel that no estate vested in the executors, and that the rents and profits before the execution of the power of sale belonged to the heirs.   At the time the power of sale thus became operative the conversion took place in law, and took with it all the incidents of the said property — all rents and profits as part of the trust fund to be distributed.   *Moncrief* v. *Ross,* 50 N. Y. 436 ; *Stagg* v. *Jackson,* 1 id. 212.

While the plaintiffs were waiting the termination of a litigation with the said Isaac G. Shumway, one of the executors, who claimed individually half of the real estate of which the said testator died seized, it was proper for them, and their duty, to secure to the trust fund the rents and profits of the whole estate, and contingently of that portion particularly in litigation, then in the possession of their co-executor; and particularly so after they had succeeded in a trial at the circuit in obtaining a verdict which invalidated the deed under which said Isaac G. Shumway claimed one-half of the intestate's said farm, which had been affirmed at the special term, and judgment ordered in their favor.

The first bond or undertaking in suit, dated July 9, 1867, a few days before the expiration of the one and a half years allowed to the said Isaac G. Shumway to occupy said farm, was obviously taken in this view, and to secure such rents and profits which might accrue during the said litigation. This undertaking is entitled in the actions then pending, and recites the fact of the recovery of a verdict by the plaintiffs, and that the said Isaac G. Shumway claimed the premises described in his deed and was occupying the same, together with the balance of the farm of which the said Isaac Shumway died seized.

The bond then provides, and the defendants did therein and thereby undertake, that the said Isaac G. Shumway should account to the said plaintiffs, as executors in said action, or their successors in office, for the fair annual rental of all of said premises, not to exceed $600 per year, until the final decision of said cause, in case said cause should finally be decided against him, etc. This bond was given before the appeal in that action to the general term. The judgment was ordered on the 6th of July, 1867, and was perfected on the 31st of July, and the appeal was brought on the 29th of August. The referee finds as matter of fact that said bond was made and executed to procure a stay of proceedings upon said order for judgment, which adjudged that the plaintiffs were entitled to the possession of the said premises for the purpose of executing said power of sale. I do not find any such order to stay proceedings in the case; but it clearly appears that, after the execution of the said bond, the said Isaac G. Shumway remained in possession of the whole farm until the final affirmance of the judgment in the Court of Appeals. This bond was clearly not given in pursuance of any statute or provision of law

providing for a stay of proceedings upon judgments upon appeal therefrom. It can only be sustained as a common-law undertaking. In this view I do not see why it was and is not a perfectly valid instrument. It is under seal. It purports to be made and given upon the express consideration of one dollar, and recites the facts above stated, which imply that it was in fact given, taken and received in consideration that the said Isaac G. Shumway should be permitted to continue in possession of said farm during the pending litigation, and that he should pay to his co-executors, the plaintiffs in this action, the value of the use of said premises, the fair annual use and rental of said premises, not exceeding $600 per year, from July 1, 1867, in case such action should be decided finally against him.

The use of said premises during the said litigation thus secured to the said Isaac G. Shumway, as contemplated by this undertaking, and which constituted obviously the chief object and inducement for the giving and execution of said bond, was clearly a sufficient consideration for the execution of the same, aside from the consideration expressed therein, which was merely nominal.

The second undertaking is clearly valid. It was given according to the provisions of the Code, upon an appeal by the said Isaac G. Shumway from the judgment of the general term to the Court of Appeals.

The evidence that the defendants were indemnified for signing said undertakings, if immaterial, could not have injured the defendants. Their liability was fixed by the undertakings.

I see no error in the rulings of the referee injurious to the defendants. If there was any error in his decision, it was in not finding and deciding that the defendants were liable under the first undertaking for the rents and profits of the whole farm, up to the time that possession thereof was surrendered by the said Isaac G. Shumway after the decision of the Court of Appeals; but this was a decision and an error in favor of the defendants, and the plaintiffs have not appealed.

The judgment should be affirmed.

*Judgment affirmed.*