KINGS COUNTY.—HON. W. L. LIVINGSTON, SURRO-
GATE.—June, 1882.

TICKEL V. QUINN.

*In the matter of the judicial settlement of the accounts of*
SOPHIA H. QUINN, *executrix, and* JOSEPH H. QUINN,
*executor of the last will of* EDWARD H. QUINN, *de-
ceased.*

The rule contained in Code Civ. Pro., § 2734, permitting the allowance of
expenditures by executors, etc., not exceeding $500, in the aggregate,
without vouchers—applied.

Five hundred dollars *held* a sufficient sum to devote to a headstone, in the
case of an estate inadequate to the payment of legacies in full.

An executor, upon whom is devolved the duty to pay taxes on real prop-
erty, is personally chargeable with interest paid for default on taxes,
where sufficient funds of the estate were on hand to discharge the same
without penalty.

An executor who has made advances to legatees from his own funds, is
entitled to be subrogated to their rights, but can be credited only with
their *pro rata* share of the assets available for distribution at the time
of the accounting.

Testator, by the ninth clause of his will, gave and devised the residue of his
real and personal property to his executors, in trust for the execution of
his will, with power to sell the same by public or private sale, at such
times, upon such terms, and in such manner, as they should deem meet,
with a proviso that no sale by public auction should be had until after
the expiration of three years from his death; the entire proceeds of
sale to be expended in the payment of debts, funeral expenses and the
legacies "hereinbefore mentioned;" and the legacies to. abate or be
increased *pro rata*, according to whether there should be a deficiency
or surplus of such proceeds after paying such debts and expenses.
On the executors' accounting, the residuary real property not having
been sold,—

*Held*, that such property must be deemed to have been converted on the
death of testator, and the rents accruing thereafter be considered as the
profits of the fund, and go, not to the heirs, but to the executors, who
were bound to account therefor in the Surrogate's court.

By the first clause of his will, the widow of testator, the executrix, was

given a legacy of $20,000, in lieu of dower, which she accepted. Numerous other legacies were given by the three clauses immediately preceding the residuary clause. On her accounting, the executrix contended that the provision for abatement applied only to the legacies mentioned in the later clauses,—

*Held,* that the expression "hereinbefore mentioned," in the residuary clause, applied to all the legacies made payable out of the proceeds of sale, and that the general rule, giving a preference of payment to a legacy in lieu of dower, was inapplicable to the one in question, it being encumbered by a condition, and the acceptance, which was not compulsory, being subject to such condition.

Orton v. Orton, 3 *Abb. Ct. App. Dec.,* 415—followed.

THIS was a judicial settlement of executors' accounts. Objections were filed on behalf of Maria Tickel and others, legatees under decedent's will. The facts appear sufficiently in the opinion.

W. J. NICHOLL, *for the executrix.*

W. T. GRAFF, *for the executor.*

TAYLOR, FERRIS & THOMPSON, *for objectors.*

THE SURROGATE.—The executors having been called to an account by one of the legatees under the will of Edward H. Quinn, applied to have their account finally settled. Thereupon they filed separate accounts.

The testator, after making certain devises and bequests, gives and devises all the rest, residue and remainder of his real and personal estate to his executors *in trust* for the execution of his will, with power to sell the same at public or private sale, at such times, and upon such terms, and in such manner, as to them shall seem meet; provided, however, that no part of his said real estate should be sold at public auction until after the expiration of three years from the time of his decease.

And in case the proceeds arising from the sale of his residuary estate, after the payment of his debts and funeral expenses, should be insufficient to pay the legacies mentioned in his will, he directs that the said legacies shall abate *pro rata*, but in case there should be any surplus left after the payment of said legacies, then the said legacies shall be increased *pro rata*.

The residuary real estate has not yet been sold; but the executrix has collected the rents therefrom and has charged herself with them in her account; she has also credited herself with numerous payments made on account of said real estate. Objections have been filed to some of these payments, and the executrix now claims that these items, relating to the real estate, should not have been included in her account, and that this court has no jurisdiction to pass upon them.

The devise of the rest, residue and remainder of the real estate to the executors vested no estate in them, as they were not also empowered to receive the rents and profits; but it was valid as a power of sale (1 R. S., 729, § 56; Manice v. Manice, *43 N. Y., 303, 367*); and, as the sale did not depend upon the discretion of the executors, the land was equitably converted into money from the time when it should have been sold (Leigh and Dalzell on Eq. Conv., 48; Bogert v. Hertell, *4 Hill, 493;* Moncrief v. Ross, *50 N. Y., 431;* White v. Howard, *46 N. Y., 144, 162;* Savage v. Burnham, *17 N. Y., 561, 569;* Ross v. Robert, *2 Hun, 90, 93*).

It is laid down as a general rule that the equitable conversion takes place on the death of the testator, unless there is something special in the power of sale, making its exercise or performance depend upon the happening

of some event or contingency to arise subsequently, or on the discretion of the executor or trustee to sell or not. But if the direction is imperative, requiring a sale at all events, and leaving it discretionary only as to the time and manner of selling, then the sale, when made, has the same effect in respect to the rights of the parties in interest as though made immediately (Arnold v. Gilbert, *5 Barb.*, *196;* and see Bramhall v. Ferris, *14 N. Y.,* *41, 46;* Marsh v. Wheeler, *2 Edw. Ch.*, *156;* Stagg v. Jackson, *1 N. Y.*, *206, 212;* Graham v. Livingston, *7 Hun, 11*).

In the case at bar, the provisions of the will required a sale at all events; nothing was left to the discretion of the executors but the time and manner of selling, and the power of sale was not made to depend on the happening of any event or contingency to arise; it is true, the executors were prohibited from selling at *public auction* within three years after the death of the testator; but they were at liberty to sell immediately at *private sale*.

Within the rule above referred to, the land must be considered as having been equitably converted immediately after the testator's death, and, that being the case, the rents accruing from that time until the sale actually takes place must be treated and considered as the profits of the fund into which the real estate was ordered to be converted, and do not go to the heirs but to the executors, who are bound to account for them in this court (Leigh & Dalzell, *supra;* Final Accounting in Estate of James Ingram, *Ms. Op. in this court, Feb. 6th, 1882*).

The principal question raised by the objections to the accounting is whether the legacy given to the widow of

the testator in lieu of dower abates ratably with the other legacies given in the will.

The general rule undoubtedly is that a legacy given in lieu of dower is entitled to a preference of payment, out of the personal property of the testator, over the other general legacies, and the reason is that such a legacy is not a mere bounty, but is supported by a valuable consideration, to wit, the relinquishment of the widow's right of dower (Dayton on Surr., *2d ed., 470;* Isenhart v. Brown, *1 Edw. Ch., 411;* Williamson v. Williamson, *6 Paige, 305;* Babcock v. Stoddard, *3 T. & C., 207;* Sanford v. Sanford, *4 Hun, 753*).

But this rule does not apply where the will directs that the legacies mentioned in it shall abate ratably, for the widow is not obliged to give up her dower in exchange for the legacy, and if it is encumbered by a condition, the acceptance of it is subject to such condition (Orton v. Orton, *3 Abb. Ct. App. Dec., 415*).

In the principal case, the testator, in the first item of his will, gives to his wife a legacy of $20,000 in lieu of dower.. In the second item, he gives her all the prints, books, plate, linen, furniture and numerous other articles of personal property which shall be, at his death, in or about his cottage in Williamsburgh. In the third item, he devises to her the use and occupation of the said cottage during her life. After several other bequests and devises, he gives, in the sixth, seventh and eighth items of his will, numerous other legacies. In the ninth item, he gives and devises all the rest, residue and remainder of his real and personal estate to his wife, his brother, and his two nephews, who are to be appointed the executrix and executors of his will, *in trust* for the execution

of his will, with power to sell the same; and in the tenth item he provides that, in case the proceeds arising from the sale of his residuary estate, after the payment of his debts and funeral expenses, should be insufficient to pay the legacies thereinbefore mentioned, they should abate *pro rata*; but in case there should be any surplus left after the payment of the said legacies, then they should be increased *pro rata*.

It is claimed, on behalf of the executrix, that the legacies referred to in the tenth item are only those mentioned in the sixth, seventh and eighth items of the will; but there is nothing to warrant such a construction; the natural meaning of the words used includes *all* the legacies before mentioned in the will; they clearly refer to the legacies which are to be paid in whole or in part out of the proceeds of the sale of the real and personal property devised to the executors, and it will scarcely be insisted, on the part of the widow, that she has no claim on such proceeds, under this clause of the will, for the payment of her legacy of twenty thousand dollars. The provisions of the will which was construed in the case of Orton v. Orton (*supra*) in many respects bear a striking similarity to those in the will now under consideration.

In Orton v. Orton, the will gave the widow twenty-five thousand dollars in lieu of dower; other legacies were given to different persons, and it was provided that, if the estate was not sufficient to pay the amount of the "within named legacies," the deficiency should be deducted therefrom in proportion to the sums given to each, and if there was a surplus, it should be divided to each, in proportion to the sums given, and subject to the same conditions.

Judge PARKER, delivering the opinion of the court, says: "I can see no reason for excepting the sum given to the widow from the operation of this direction. As no intent to exclude it appears, it is necessary to give the language its ordinary meaning and legitimate effect, and that will clearly include the legacy to the widow, as one of the ' within legacies,' which are to be diminished in case of a deficiency, and increased in case of a surplus."

The legacy given to the executrix was not, therefore, entitled to a preference, and she can only be credited with her *pro rata* share, in proportion to the amount of her legacy, of the assets available for distribution at the time of the accounting (Adair v. Brimmer, *74 N. Y., 558*).

Objection is also made to the various charges in the executrix's account, for wages paid to a man for taking care of the real estate. It appears from the evidence that Mrs. Quinn, the executrix, generally kept a man employed at about five or six dollars a week, who made himself generally useful, in doing work in and about her own property and the property of the estate. Many little repairs were made to the property of the estate by this man, and it would not be unreasonable to credit the executrix with half the wages paid to him; but as she has not produced vouchers for the amount so paid, it cannot be allowed exceeding five hundred dollars, in addition to one half of the wages the payment of which has been proved by the oath of the person who received them (Code, § 2734).

The negligence, in not keeping up the insurance on the house that was burned down, seems to have been on the part of a Mr. Quinn. Whether or not he was one of the executors, does not appear. If he was, the executrix

should not be made liable for his negligence. This matter can be further explained on the settlement of the decree.

A suitable headstone to mark the resting place of the deceased is all that was necessary or proper in this case. Five hundred dollars is a sufficient sum to devote to that purpose, considering that the estate is insufficient to pay all the legacies in full (Ferrin v. Myrick, *41 N. Y., 315, 318;* Owens v. Bloomer, *14 Hun, 296*).

\*    \*    \*    \*    \*    \*    \*    \*

The executrix should also be charged with the interest paid for default on taxes while she had sufficient funds of the estate in hand to pay them.

The executor, Joseph P. Quinn, is entitled to be subrogated to the rights of the legatees to whom he has made advances out of his own funds; but all they could claim from the estate at the present time, as we have seen, would be their *pro rata* share of the assets available for distribution, and that is all he can be credited with.

Something was said, on the argument, about a decree having been made on a former final accounting, fixing the amount then due to the executor and to the executrix; of course, the parties to that accounting are bound by that decree, and, as to them, the amounts thereby adjudged to be due and payable to the said executor and executrix are not to be altered by the decree on this accounting.

Decreed accordingly.