YOUNG v. YOUNG et al.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

1. RIGHTS OF LIFE TENANT AND REMAINDER-MAN—ACCOUNTING.

In an action by a remainder-man against the tenant for life, under a trust created by will, to compel her to account as to the funds in her hands, and to determine their amount, she is entitled to charge a fund arising from the sale of testator's real estate with the funeral expenses, and the cost of a burial plot and of a monument, paid for by her, where such expenditures are reasonable, considering decedent's station in life, and it appears that the remainder-man assented to such expenditures at the time they were made.

2. SAME—LIMITATION OF ACTIONS.

In such an action, the object of which is to compel the life tenant to render a general account of both real and personal estate from the time the trust was created down to the present time, the statute of limitations has no application.

3. SAME—EVIDENCE.

In such action, evidence as to whether deceased left any personal property, and as to the amount of the funeral expenses, is admissible, the object of the action being to compel the life tenant, who was entitled to the income of both the real and personal estate, to account for receipts and disbursements.

4. SAME—EQUITABLE CONVERSION.

Where the personal property is insufficient to pay testator's debts, and all the legatees assent to a sale of the real estate, without an order of court, the proceeds of such sale can be so far regarded as personalty as to authorize a court of equity to direct the allowance of the funeral expenses, and the cost of a burial plot and monument, out of such proceeds.

Appeal from equity term.

Action by John W. Young against Sophia Young and another to compel defendant Sophia Young to account for a fund in her hands, the income of which was payable to her for life, with remainder to plaintiff and the other defendant, and also praying for the appointment of a receiver for such fund. From a judgment in favor of defendant Sophia Young, plaintiff appeals. Affirmed.

For former reports, see 18 N. Y. Supp. 116, (reversed by 30 N. E. Rep. 1012;) 19 N. Y. Supp. 1015.

Argued before DALY, C. J., and BOOKSTAVER and PRYOR, JJ.

Bullard & Shannon, (E. F. Bullard, of counsel,) for appellant.

Deyo, Duer & Bauerdorf, (Robert E. Deyo, of counsel,) for respondents.

BOOKSTAVER, J. John Young died in New York city, July 22, 1867, leaving a will by which he gave to the respondent Sophia Young, his wife, all his real and personal estate, to use and enjoy during her life, and after her death he gave the same to the plaintiff and the defendant Maria Louise Guth, his children, share and share alike. The plaintiff brought this action for an accounting, the demands for relief being—First, that there should be an accounting; and, second, that a receiver of the fund be appointed. After the court heard the evidence, the plaintiff presented requests for findings, many of which were refused, but no exception was taken to any such refusal. Consequently this appeal is limited to a consideration of the exception to the findings of fact and conclusions of law made by the court, and exceptions to the admission of evidence.

The first question raised by the appeal is whether or not the court erred in allowing to the defendant the funeral expenses, and the costs of a burial plot and of a monument erected thereon. The appellant contends that none of these are charges against the real estate, and could not be made a lien thereon, and therefore were improperly allowed. The first answer to this contention is that the court has found, and, we think, upon sufficient evidence, that all of these expenses were expressly assented to by the plaintiff at the time they were made, and he cannot now come in and repudiate that consent. But, even if he could, we think the court properly allowed these expenses; for the whole estate, personal and real, is subject to the debts of the decedent, and such expenses as those under consideration, if reasonable, stand on even better footing than the debts contracted by the decedent, and in some instances have been allowed even where the estate is insolvent. Cornwell v. Deck, 2 Redf. Sur. 87; Owens v. Bloomer, 14 Hun, 296; Tickel v. Quinn, 1 Dem. Sur. 425. Much more will they be a charge where the estate is not only solvent, but of considerable amount. Patterson v. Patterson, 59 N. Y. 574; In re Frazer, 92 N. Y. 239; Redf. Pr. 441. The only question to be raised in regard to either the funeral expenses or the monument, therefore, is whether or not they were reasonable, under the circumstances, and considering the decedent's station in life, and the estate left by him. Inasmuch as the learned trial judge has, by allowing these items, found that they were not excessive, we see no reason for questioning that conclusion, especially in view of the fact that these expenses were assented to by the plaintiff at the time they were made. But it is claimed by the appellant that they ought not to have been allowed because the statute of limitations ran against them. This leaves out of sight the fact that this was a general accounting of both real and personal estate from the time the trust was created down to the time of.

trial; and, as far as we are aware, there is no statute of limitations on such an accounting, and, if there were, it would work more strongly against the appellant in this case than against the respondent.

It is also contended that these charges should not have been allowed as against the real estate because there was no order made by the proper court directing such sale. But it is clear from the case that the personal property was not sufficient for these purposes; and, inasmuch as all the parties to this action had consented to the sale of the real estate without any order of the court, we think that the proceeds of such sale could be so far regarded as personalty as to authorize a court of equity to direct the allowance of these expenses out of such proceeds.

The exceptions to the admission of evidence were not argued before us at any length, nor has the appellant made any point upon those exceptions, except the general one that the court erred in overruling the objections and admitting evidence. Under such a general point we would not ordinarily feel that we were required to examine them, but in this case we have done so with some care, and we find that the exceptions were not well taken. The husband of one of the heirs was asked, "Was there any personal property left by John Young?" This was objected to, excluded, and exception taken by appellant. The question was, in our judgment, proper. The action was for a general accounting. Such an accounting covers not only all the receipts from the real estate, but also all the personal property, for the income of both was left to the widow; hence it was proper to show and settle in this suit just what was the personal property of the deceased which came into the hands of the executor.

The question as to the amount of the funeral expenses was also objected to, but it was clearly permissible, for the reasons above stated. The objection that the funeral expenses were no lien upon the real estate was, as before shown, not well taken; and the same applies to evidence in regard to the monument and burial plot.

We cannot perceive the force of the objection in regard to the testimony as to all the real estate, or why appellant should have desired to limit it to three of the five parcels only, and he has not deigned to enlighten us by anything said in his points or during the course of his argument. The judgment should therefore be affirmed, with costs. All concur.