(34 Misc. Rep. 114.)

### KEENEY v. MORSE et al.

(Supreme Court, Special Term, New York County.   February, 1901.)

1. TRUSTS—JUDGMENT AGAINST BENEFICIARY—INCOME.
    In a suit by a judgment creditor to charge the judgment on the income of a beneficiary in the hands of a resident trustee under the will of a foreign testator, the complaint is demurrable, where there is no allegation of surplus of income above the proper maintenance of the beneficiary.

2. SAME—LEX FORI.
    The fact that in the state of the former residence of the testator the income of a trust fund is applicable to the debts of a beneficiary does

not affect the right of the beneficiary in New York to so much of the income as is necessary for his support, where it is sought in the courts of such state to apply the income to his debts.

Action by Burtis M. Keeney against Sophia V. Morse and the United States Trust Company, as trustee of Phœbe J. Cross, deceased. Demurrer to complaint sustained.

Schuyler C. Carlton, for plaintiff.
Herbert H. Gibbs, for defendant Morse.

LEVENTRITT, J. The plaintiff is a creditor of the defendant Morse on a judgment recovered in this state on which the sheriff of the county of New York has returned an execution unsatisfied. This action is brought to charge the rents, issues, and profits of certain property held in trust for the defendant Morse by the defendant United States Trust Company under the last will and testament of the former's mother. The cestui demurs on the ground that the complaint does not state facts sufficient to constitute a cause of action. After setting forth the circumstances of the recovery of the judgment, the issuance and return of the execution unsatisfied, the complaint recites the provisions of the will creating the trust, whereby it appears that the defendant Morse should receive during her life the interest or income upon bonds and securities amounting at their par value to the sum of $221,250. Further allegations show that the trustee qualified, possessed itself of the corpus of the trust, entered upon its administration, and that the defendant Morse, as a consequence, receives annually the sum of $15,000, less the trustee's commissions. It is further alleged that the defendant Morse is a widow; that her children are of full age, are in receipt of independent incomes, and that there is no one dependent on her for support; that her mother was a resident of the state of Rhode Island, where the will was made and probated; that there is no statute of uses and trusts in Rhode Island; and that the highest court of that state has construed the law there applicable to be that the whole of the income of the trust fund is subject to the claims of creditors. The concluding averment of the pleading is that the accrued income of the trust fund is in excess of the amount necessary for the payment of the trustee's commissions. There is no allegation, either directly or by implication, of any surplus of income over and above such sum annually as is necessary for the maintenance and support of the defendant Morse according to her station in life.

I am of opinion that the demurrer is good. The complaint evidently proceeds upon the theory that the law of Rhode Island governs the extent of the plaintiff's recovery, and, accepting the allegations as true, this action would result in charging the entire trust fund with the payment of the judgment. It is evident, however, that the law of the forum must control the amount of recovery. The trust fund is here. The trustee is a domestic corporation conducting its business in this state. The judgment was recovered here. The plaintiff invokes the aid of this court to grant him relief. It is essentially a question of remedy, and therefore the plaintiff can recover no more than is permitted by our laws. The testatrix has

advisedly directed administration of a part of the trust fund in this state, and has thus made it liable to such charges as may arise against it here. The plaintiff's right arose here, he seeks its enforcement here, and all questions touching the remedy directed against a fund located here must be determined by our laws. It is well settled by statute and decision that where a trust is created to receive the rents and profits, whether of realty or personalty, the surplus beyond the sum necessary for the maintenance and support of the beneficiary is liable to the claims of creditors in the same manner as other property which cannot be reached by execution. Birdseye's Rev. St. (2d Ed.) p. 2613, § 78; Williams v. Thorn, 70 N. Y. 270; Graff v. Bonnett, 31 N. Y. 9; Tolles v. Wood, 99 N. Y. 616, 1 N. E. 251; Howard v. Leonard, 3 App. Div. 277, 38 N. Y. Supp. 363. This being so, it is incumbent upon the plaintiff to show by proper averment that such surplus existed. The interest of the cestui in this property being subject to the claims of creditors only in a particular contingency,—the existence of a surplus,—no inference can be drawn of its existence, but there must be positive averment to that effect. Graff v. Bonnett, supra; Bramhall v. Ferris, 14 N. Y. 41. In determining the amount of income in a given case necessary for maintenance and support, regard will have to be had for the station in life, the social standing, and the accustomed manner of living of the party both before and since the income was provided. Howard v. Leonard, supra. This complaint is drawn on the theory that the entire fund can be reached. In that form the pleading is bad. It must be revised by averments showing the indicated facts which are prerequisite to any recovery.

Demurrer sustained, with leave to plead over on payment of costs.