and that, if she knew she was approaching a track, she could not assume that the driver would be careful, but must look out for herself; and that, if she did not know it, she must use such care as one with her knowledge would ordinarily exercise, and that it was for the jury to determine whether she used such care,—was proper.

2. SAME—ACCIDENTS AT CROSSINGS—DUTY OF COMPANY.

Where freight cars are allowed to stand by defendant on a side track so as to obscure the view of the main track to persons approaching on the highway, it is for the jury to decide whether defendant took proper precautions to warn travelers approaching the track so that they could hear or see them if they had listened or looked.

Appeal from special term; C. H. TRUAX, Judge.

Ann Crawford sued the Delaware, Lackawanna & Western Railroad Company for injuries received by being run over by a train at a railroad crossing. Plaintiff was a servant in the employ of the driver of the carriage which was run over. The box and freight cars of defendant were standing on a side track, and, as plaintiff claimed, obscured the view of the main track until almost upon it; and testified that she did not know she was approaching a track; that she was holding a baby asleep in her arms at the time. The court charged the jury that plaintiff was bound to show due care on her part, and negligence on that of defendant; and that, if plaintiff knew she was approaching a track, she had no right to assume the driver would be careful, but must watch out for herself; but, if she did not know it, she was only bound to use such care as one with her knowledge would ordinarily exercise under the circumstances; and it was for the jury to decide whether plaintiff was negligent, and whether defendant took such precautions as were necessary to warn travelers approaching the track, so that they could hear or see them if they had listened or looked. The jury found a verdict of $6,000 for plaintiff. The court overruled a motion for new trial, and defendant appealed.

Before SEDGWICK, C. J., and FREEDMAN, J.

*Holmes & Adams,* for plaintiff. *Hamilton Odell,* for defendant.

PER CURIAM. The judgment and order should be affirmed, with costs.

---

## *In re* FROST'S ESTATE.

(*Surrogate's Court, New York County.* June 15, 1888.)

WILLS—CONSTRUCTION—WHAT CONSTITUTES RESIDUUM.

Where a testator gives his widow certain leasehold property in lieu of dower, and provides by a residuary clause that all the rest of his estate shall be sold by his executors, and the widow elects to take her dower, the proceeds of the sale of the leasehold property become part of the residuum, and go to the residuary legatee.

On petition by widow for one-third of a certain fund as intestate property.

Philemon E. Frost died leaving certain leasehold property to his widow, Mary E. Frost, in lieu of dower. She elected to take her dower, and claimed that the proceeds of the sale of the leasehold property should be then distributed as intestate property, and did not go to the residuary fund.

*Frederick W. Hinricks,* for the widow. *Jackson & Burr,* for executor.

RANSOM, Sur. The decedent died leaving him surviving his widow, Mary E. Frost, and four daughters, children of a prior marriage. There were no children born to the testator by his second wife, and since his death she has married again. Among the provisions of the will in her behalf, in lieu of dower, is a bequest of certain leasehold property described as No. 64 West Forty-Eighth street. She rejected the provisions of the will in her behalf, and elected to take her dower in the real estate. The leasehold property, above referred to, has been sold by the executor; and upon the final settlement of his account the widow now claims that it did not fall into and become a part of the residuary estate, but that, as to it, the testator died intestate, and that

it should be distributed as intestate property, and that she should receive one-third of the proceeds of the sale thereof. The language of the residuary clause is as follows: "All the rest, residue, and remainder of my estate, both real and personal, of every nature and description, I order and direct my executors and executrix hereinafter named * * * to sell at public or private sale, and upon such terms as they may deem best." I have no doubt but that the intention of the testator, if his widow elected to take her dower instead of the bequest in lieu thereof, was that the leasehold property should become a part of his residuary estate. The case of *Kerr* v. *Dougherty*, 79 N. Y. 327, cited by the contestant, is clearly distinguishable from the case at bar. There it was held that the general rule that in a will of personal property the general residuary clause covers whatever is not otherwise legally disposed of, does not apply where the bequest is of a residue of a residue, and the first disposition fails. The case of *Hatch* v. *Bassett*, 52 N. Y. 359, cited by contest-ant, has no bearing. In that case there was no absolute devise of the residuum to any one. In the case of *Stephenson* v. *Asylum*, 27 Hun, 380, cited by contestant, it was held that, certain legacies having failed because not valid, a fund remains not embraced nor intended to be embraced in the residuary clause of the testator's will, and therefore it must pass to the next of kin under the residuary clause. This decision is put entirely upon the point of the intention of the testator. In the case at bar his intent clearly was to give this leasehold property to his wife in lieu of dower, or, if she elected to take her dower, she was to be cut off from further benefactions under the will. On the other hand, there are numerous authorities upholding the construction sought by the executor. *Bowers* v. *Smith*, 10 Paige, 193; *Youngs* v. *Youngs*, 45 N. Y. 254; *Estate of L'Hommedieu*, 32 Hun, 10; *King* v. *Strong*. 9 Paige, 93; *Van Kleeck* v. *Ministers*, 6 Paige, 600. I hold, therefore, that the election of the widow to take her dower interest debars her from taking any share of the leasehold property, which has become a part of the residuum, and goes to the residuary legatee.