Proceeding for the judicial settlement of the accounts of James F. Mee and William F. Lane, as administrators of the estate of Michael Lane, deceased.

*Joseph E. Owens,* for administrators.

---

## In re HESDRA'S ESTATE.

*(Surrogate's Court, Rockland County.* February, 1891.)

1. ADMINISTRATION—SALES UNDER ORDER OF COURT.
    A provision in a will devising certain land, after the payment of debts, is such an express charge on the land as to become effectual, under Code Civil Proc. § 2759, in the absence of any showing of exhaustion of the creditor's remedies thereunder, to prevent a decree for the disposition of the land for the payment of such debts.

2. SAME.
    A provision that, after the payment of certain debts and legacies, the real and personal property of an estate may "be disposed of as deemed best" by the executor, is as effectual for the sale of the property for the payment of debts, under Code Civil Proc. § 2759, forbidding a decree therefor where the property has been de-

vised "expressly charged" with the payment of debts, and subject to a "valid" power, as though the power had been express. *In re Fox*, 52 N. Y. 530, distinguished.

Application for a decree directing the disposition of the real estate of Edward D. Hesdra, deceased. Dismissed.

For former report, see 2 N. Y. Supp. 83.

*Charles A. Dunham*, for petitioner. *Garret Y. Snider*, for executor. *James Henderson*, for Phebe Henderson, a creditor. *Myers S. Isaacs, L. Napoleon Levy, Geo. A. Wyre, Arthur S. Tompkins*, and *H. C. De Witt*, for legatees.

WEIANT, S. This proceeding is brought by Lucien B. Dunham, a creditor of Edward D. Hesdra, deceased, to have the lands of said decedent sold, mortgaged, or leased for the payment of the debts of the deceased. The petition was filed January 2, 1891. A citation was thereupon issued to the proper parties. Upon the return of such citation and subsequently, devisees and legatees interposed and filed answers to such petition. Thereafter proofs were taken on behalf of the petitioner, and on February 6, 1891, the petitioner rested his case. Thereupon the contestants moved to dismiss the proceedings on the ground, among others, that the petitioner had not established, as required by section 2759 of the Code of Civil Procedure, that the debts for the payment of which the decree is sought are not expressly charged by the will of said deceased upon his real property, or, if so charged, that the remedies of the creditor, by virtue of that charge, have been exhausted; that the property to be disposed of was not effectually devised, expressly charged with the payment of debts, and is not subject to a valid power of sale for the payment thereof; or, if so devised or subject, that it is not practicable to enforce the charge or to execute the power, and that the creditor has effectually relinquished the same; and that the personal property of the deceased, which could have been applied to the payment of his debts, has been so applied, and that it is insufficient for the payment of the same. It is this motion that I am now called upon to decide.

The only proof touching the matters set forth in the first two grounds for dismissal is found in the will of the deceased. That document was put in evidence, and no proof whatever was adduced as to the remedies of the creditor having been exhausted, if any, or that it is not practicable to enforce the charge or to execute the power, if such there be, under said will, or that the creditor has effectually relinquished the same. Such being the *status* of the proceeding, my conclusion is that the dismissal must be granted. Section 2759 of the Code provides that "a decree directing the disposition of real property, or of an interest in real property, can be made only where, after due examination, the following facts have been established to the satisfaction of the surrogate;" then follow, in subdivisions 3, 4, and 5 of such section, the requirements above cited as the grounds for the motion to dismiss. The will of the deceased provides, "*First*, after my lawful debts are paid, I give," etc., to a number of legatees specific sums, aggregating upwards of $40,000. He then ordered that his "wife's grave be cleared up, the lot properly fenced, and a suitable stone erected to her memory, the cost to be paid out of my estate, the bequests to be paid in proportion whenever there shall be in the hands of my executor $15,000; the real and personal estate, wherever found, shall be disposed of as deemed best by my executor; the rest and residue of my estate, if any there shall be, shall be equally divided between Hattie Hesdra, Amanda Tordoff, Edgar Tordoff, and Mary Emma Tordoff."

The first point urged is that the words, "after my lawful debts are paid I give," etc., are sufficient to constitute an express charge, within the meaning of the statute, upon the decedent's real property, under subdivision 3 of section 2759, above cited. This, under the authorities, would seem to be so.

although I have some doubt about it. In *Re Fox,* 52 N. Y. 530, it was held that the words, "after payment of debts," constituted a charge of the debts upon the lands devised; citing *Lupton* v. *Lupton,* 2 Johns. Ch. 614. The same was held in *Re Smith,* 6 Dem. Sur. 45, in a proceeding similar to this, and the proceeding dismissed. So, also, in *Re Rosenfield,* 5 Dem. Sur. 251, *Reynolds* v. *Reynolds,* 16 N. Y. 257, and cases there cited. This point would not necessarily be fatal to the proceeding had the petitioner established, as provided in such subdivision 3, "that the remedies of the creditor by virtue of that charge have been exhausted." Of that, however, no proof was submitted, and the matter stands as one where the express charge is established and the remedies of the creditor unexhausted. One of which remedies, it would seem, considering the rights of the creditor without reference to any power of disposition under the will, would be in equity. *In re Fox, supra,* 530–537. This objection, therefore, seems well taken.

But, if it be assumed that there is no express charge of the debts upon the realty, I am of the opinion that the objections based upon subdivision 4 are well founded. As we have seen, the property sought to be disposed of is effectually devised, either expressly or impliedly charged with the payment of the debts of the testator. If, then, the same is subject to a valid power of sale for the payment thereof, then the petitioner has failed to establish what is required by this subdivision to entitle him to a decree, for, as stated above, no proof has been adduced that "it is not practicable to enforce the charge or to execute the power, and that the creditor has effectually relinquished the same." Is this real property, then, subject to a valid power of sale under the will of the testator? It was held in *Re Fox, supra,* that a power in executors to sell lands will not be implied from the fact alone that the lands are charged with the payment of debts. An inspection of that case, however, shows that no power of disposition whatever of the real estate was given by the will, and it is very clear that the court did not intend holding that, where a power of disposition was given for the purpose of carrying out the provisions of the will, one of which is the payment of debts of the testator, such power would not authorize a disposition to pay debts.

An examination of the provisions of the will in this matter, it seems to me, clearly discloses a purpose on the part of the testator to confer upon his executor the power to dispose of this property, real and personal, for the purpose of effectuating every provision of his will, including that of the payment of his debts. His property was quite all real estate, and the provisions of the will cannot be made effectual, except by a disposition of the real estate and a conversion of it into personalty. But, aside from such a necessary construction in order to carry out his directions and bequests, the instrument, as a whole, shows the purpose of the testator to have his property disposed of to create a fund to enable his executor to comply with every provision of his will. The words "shall be disposed of" are equivalent, as used by the testator, to "shall be sold;" that being most probably, in view of the terms of the will, the disposition that the testator contemplated. Similar provisions in other wills, as to powers of disposition, have received a like construction by the courts. *In re Rosenfield,* 5 Dem. Sur. 251; *In re Davids,* Id. 14; *In re Smith,* 6 Dem. Sur. 45. In *Coogan* v. *Ockershausen,* 55 N. Y. Super. Ct. 286, it was held by the general term of the superior court of New York city that, where a testator provided by his will as follows: "I direct all my just debts and funeral expenses to be paid as soon as practicable after my decease;" all "the rest, residue, and remainder of his estate" he devised to his executor in trust, etc.,—the will, by the legal effect of its provisions, made the payment of the debts a charge upon the land, and that, although the charge was an implied one, the executor, being a devisee in trust, had an implied power of sale for the purpose of paying the debts. The court further says that "the will made the payment of the testator's debts a charge upon

his real estate, and, to carry out the provisions of the will directing the payment of the testator's debts, the executor of the will had an implied power of sale for the purpose of paying the debts." Chief Judge SEDGWICK says in his opinion, in speaking of the right of a creditor to maintain these proceedings: "But before the surrogate can make a decree of sale, he must find (section 2759) that the property is not subject to a valid power of sale for the payment of the debts, with a limitation that will be noticed. The statute does not refer to an express power. If there be an actual and valid, although an implied, power, the surrogate cannot make the decree."

I am also inclined to such a construction of subdivision 4. The two requirements seem to be separate and distinct, that the property is not "effectually devised expressly charged with the payment of debts," and "is not subject to a valid power of sale for the payment thereof." It is not provided that this power shall be "express," but the charge. But under this subdivision 4 of section 2759, as we noticed above under subdivision 3, there is a saving provision to the creditor, that such express charge or valid power of sale will not defeat the proceeding of the creditor if he establishes that, if the property be so devised or subject, it is not practicable to enforce the charge or to execute the power, and that the creditor has effectually relinquished the same. This is the "limitation" above mentioned in the words quoted from the opinion of Mr. Justice SEDGWICK. This saving provision, however, has no application upon the proofs to this proceeding, as no claim is made that, if there be such a charge or power of sale, it is not practicable to enforce the charge or to execute the power, or that the creditor has in any way relinquished the same, nor is there any proof thereof.

My conclusions thus reached are fatal to this proceeding. This renders it unnecessary for me to consider and determine the grounds for dismissal based upon the fifth subdivision of section 2759 as to the insufficiency of the personal estate to pay the debts. The will clearly contemplates a conversion of all the property, real and personal, of the testator into one general fund, to enable the executor to carry out its provisions and his purposes. *Power* v. *Cassidy,* 79 N. Y. 602. And while I am inclined to the opinion that the words "personal property," as used in the statute in this subdivision, signify personal property, generally known as such, and as distinguished from realty or the proceeds thereof, still, for the practical purposes of the payment of the debts of the decedent, it seems to me that it resolves itself into simply a matter of methods of reaching and applying the proceeds of the realty. *Glacius* v. *Fogel,* 88 N. Y. 434. The proceeding is accordingly dismissed, and a decree may be presented for signature so disposing of the same.