In the Matter of the Judicial Settlement of the Account of Proceedings of MARY L. WARRIN, as Administratrix of JOHN W. WARRIN, Deceased.

MARY L. WARRIN, as Administratrix of JOHN W. WARRIN, Deceased, and EDWARD P. HATCH, a Creditor, Appellants; ARTEMAS H. HOLMES, a Creditor, Respondent.

*Executors and administrators — allowance of claims by — the burden of establishing their invalidity — interest not added, when not included in the claim as presented.*

A person attacking a claim allowed by an administrator assumes the burden of establishing its invalidity, although it has not been paid.

Where a claim against an estate is presented without any demand for interest, and is allowed as presented, the claimant is not entitled to interest on the amount allowed.

APPEAL by Mary L. Warrin, as administratrix of John W. Warrin, deceased, and another, from a decree of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 2d day of May, 1900, confirming the report of a referee, and also from an order entered in said Surrogate's Court on the 4th day of May, 1900, judicially settling her accounts as administratrix.

*Charles C. Nadal*, for the administratrix, appellant.

*Samuel H. Ordway*, for Edward P. Hatch, appellant.

*Edward S. Rapallo*, for the respondent.

McLAUGHLIN, J.:

Appeal from a decree of the Surrogate's Court for the county of New York. The question presented is one of law. The facts, concerning which there is no dispute, are as follows: John W. Warrin died in 1894, leaving him surviving his widow, who was thereafter appointed his administratrix, and several children. He left an estate amounting to a little less than $2,000, against which claims were presented to the administratrix, amounting in the aggregate to $3,762.56, which were allowed but not paid. On September 9, 1895, the administratrix applied for a final settlement and discharge, and at the same time filed her accounts. Upon the petition a citation was duly issued directed to the parties interested, including the creditors.

who had presented claims against the estate. Among the claims presented to and allowed by the administratrix were one by the appellant Edward P. Hatch, amounting to $649.56; one by Elizabeth L. Warrin, amounting to $795; one by the estate of Henry Schmiedell, amounting to $1,176; and one by the respondent A. H. Holmes, amounting to $925. On the return of the citation, a copy of which was duly served upon all the parties, the respondent filed an objection to the claims of Hatch, Warrin, Schmiedell and his own. No grounds for the objections were given, except in the case of his own claim, concerning which it was stated that interest had not been allowed. The objections having been filed, the surrogate made an order appointing a referee " to hear and determine all questions arising upon the settlement of said account which the surrogate has power to determine." Only one hearing was had before the referee, at which time the administratrix put in evidence the accounts presented and allowed by her. These accounts were made out in the manner provided by statute and were duly verified. Upon the introduction of the accounts she rested, and thereupon the respondent Holmes offered no evidence except as to the amount of interest on his own claim, and as to that he testified to a computation of interest on the amount of the claim allowed from March 23, 1876, to the date of the hearing.

The referee held that the filing of the objections to the accounts put upon the administratrix the burden of proving that the claims in each instance were valid and subsisting ones against the estate, and inasmuch as such proof had not been given, they must be rejected. He also held that the respondent was entitled to add to his claim the amount of interest computed thereon from 1876 to the date of hearing. He thereafter made a report in which he found that the claims of Hatch, Warrin and Schmiedell, respectively, were not valid claims, and could not share in the distribution of the assets of the estate, and that the respondent Holmes was entitled to add to his claim $1,136, making it $2,061 instead of $925. Exceptions were filed to the report by the administratrix and also by Hatch. Thereafter a motion was made to confirm the referee's report, and the exceptions filed and the motion were heard together, and the surrogate overruled the exceptions and confirmed the report, but gave Hatch leave to prove his claim before the referee, on condition

that he pay to the respondent the referee's fees. This Hatch declined to do, and thereupon an order was entered overruling the exceptions and confirming the referee's report, and directing a distribution of the moneys in the hands of the administratrix, less certain sums deducted for costs, commissions, etc., among the creditors whose claims were allowed by the referee, and from such decree and order the administratrix and Hatch have appealed.

We are of the opinion that the referee erred in holding that the burden of proof was upon the administratrix or the claimants, and for that reason his report ought not to have been confirmed by the learned surrogate.

Whenever a claim is presented to, and allowed by, an administrator, it *prima facie* establishes the validity of the claim in favor of the party presenting it. (*Lockwood* v. *Thorne*, 18 N. Y. 285; *Schutz* v. *Morette*, 146 id. 137; *Matter of Callahan*, 152 id. 320.) The allowance of it is a determination that it is a valid and subsisting claim against the estate, and entitled to share in the distribution of the proceeds of the estate. It is just as effective for this purpose, unless disproved, as a judgment of a court of competent jurisdiction. Its validity can only thereafter be challenged upon the ground that the claim, or some part of it, did not exist in fact, or that the administrator, in allowing it, acted fraudulently or corruptly, and when a claim is thus attacked the burden of establishing its invalidity rests with the one who asserts that fact. Such person must, in the first instance, give proof sufficient to overthrow the action of the administrator.

This precise question, so far as we are aware, has not heretofore come before an appellate court for determination, but in principle the question has many times been decided. There are many decisions to the effect that where an administrator, upon an accounting, produces a voucher for the payment of a claim allowed and paid, the burden of showing that the claim was not a valid debt against the estate is upon the party who objects to the payment. Thus, in *Matter of Frazer* (92 N. Y. 239), it was held that "The executors having paid it" (a claim) "and produced their voucher, the burden was on the contestants to show that it was not a just debt of the estate. * * * As the contestants did not establish that the demand was unjust and not a debt of the estate, the payment by the

executors was properly allowed. * * * The burden was upon the contestants to prove their case." And in *Boughton* v. *Flint* (74 N. Y. 476) it was said: "The accounting party is not bound to establish payments for which she presents vouchers, unless they are denied by objections, and the burden of impeaching such payments is on the contestants." (See, also, *Valentine* v. *Valentine*, 4 Redf. 265; *Carroll* v. *Hughes*, 5 id. 337.)

The statute (Code Civ. Proc. § 2718) makes it the duty of an administrator to ascertain the claims against the estate, and for this purpose he must advertise, and when a claim is presented he must require that it be presented in a certain form; there must be attached to it the affidavit of the claimant that the claim is justly due; that no payments have been made thereon, and that there are no offsets against the same, to the knowledge of the claimant. He must then pass upon its validity, and either allow or reject it. (*McNulty* v. *Hurd*, 72 N. Y. 518; *Lambert* v. *Craft*, 98 id. 342.)

In *McNulty* v. *Hurd* (*supra*) it is said that "The mode of adjusting claims against an estate is specifically prescribed. * * * They must be presented to the executors or administrators and if allowed they are *established*; if disputed or rejected, they may be referred, and if not, actions may be brought in the courts having jurisdiction." And in *Lambert* v. *Craft* (*supra*) the court held: "If, therefore, after a reasonable opportunity for examination into the validity and fairness of a claim so presented, the executor does not offer to refer it on the ground that he doubts its justice, or disputes it as unjust, it acquires the character of a liquidated and undisputed debt against the estate;" that the allowance by an administrator of a claim presented against an estate "establishes *prima facie* the accuracy of the items, without other proof, and the opposite party is bound to show affirmatively a mistake or error."

We do not understand that the respondent questions this rule when a claim has been paid, but he insists that a different one prevails where the payment has not been actually made. But there can be no difference in principle. Where an account has been paid, and the payment has been challenged, the question presented is as to whether the claim was a proper charge against the estate, and the fact that it has been paid does not affect that question in any degree.

The mere fact of payment is not a basis or reason of the rule. The fact that the claims have been paid shows that the administrator has allowed them, and allowance, under the authorities, is *prima facie* proof of the validity of the claim; hence, the burden of disproving the validity rests upon the contesting party.

Here, as we have already seen, the accounts presented to the administratrix were allowed, and any creditors whose claim had been allowed had a right, in the absence of notice to the contrary, to assume that such claim would be paid, so far as there were funds in the hands of the administrator for that purpose. *Matter of Davis* (N. Y. L. J. Feb. 18, 1892) is not applicable to the facts, and if it could be so held, we do not think it is the law.

We are also of the opinion that the referee erred in allowing interest on the claim of the respondent Holmes. The claim presented by Holmes was for $925, a balance alleged to be due upon a note made by the deceased on the 25th of March, 1876. The Statute of Limitations had run against this claim, unless prevented by payments, which we must assume had been made. The administratrix allowed the claim as presented, without interest, and the creditor was bound to take the claim as allowed, or else establish by common-law proof the entire claim. He could not accept the amount allowed as a basis for establishing the validity of the claim itself, and then add to that claim interest from March 25, 1876, to the date of hearing, viz., $1,136.

The order and decree appealed from must, therefore, be reversed, with costs to appellant to abide event, and the matter remitted to the Surrogate's Court, with directions to modify the decree as indicated in this opinion.

Van Brunt, P. J., Rumsey and O'Brien, JJ., concurred; Patterson, J., concurred in result.

Order and decree reversed, with costs to appellant to abide event, and matter remitted to Surrogate's Court, with direction to modify decree as indicated in opinion.