---

(32 Misc. Rep. 608.)

### In re LYTH et al.

(Surrogate's Court, Erie County. October, 1900.)

1. EXECUTORS AND ADMINISTRATORS—VOLUNTARY ACCOUNTING—OBJECTIONS—LIMITATION OF ACTIONS—WAIVER.

Where executors, more than eight years after their appointment, petitioned for a voluntary accounting, and those interested were cited to appear, such executors cannot set up the statute of limitations as a bar to objections by the legatees to their accounts, since the proceeding was voluntary, and the parties appearing cited on the motion of the executors, they thereby waived the bar of the statute.

2. SAME—EXECUTORS AS TRUSTEES.

Where executors were also named as trustees in a will, and had been handling the estate, and making payments to the distributee to within a short time of making a petition for an accounting, and never assumed an adverse position to the rights of any one interested, they cannot, on petition for an accounting more than eight years after their appointment, plead the statute of limitations as a bar to objections by the legatees to their accounts, since, so long as the trust continues, and is acknowledged by the trustee, he cannot set up the statute against the beneficiaries in the will.

Motion to dismiss objections filed in proceedings by Aldred Lyth and William Baynes, as executors and trustees of the estate of Robert Robson, deceased, for the settlement of their accounts. Motion denied.

Wm. L. Judson, for executors.

H. H. Bacon, for contestants.

MARCUS, S. On March 14, 1892, letters testamentary were issued to the executors above named. On the 5th day of June, 1900, a petition for a voluntary accounting was filed by such executors, and a citation issued thereupon. Upon the return day of such citation the legatees appeared in open court, and filed objections to the account. The executors then moved to dismiss all the objections filed on the ground that a contest or hearing of such objections was barred by the statute of limitations, since the same were not filed within six years from the time the right accrued to compel such an accounting. The rule which applies in cases of compulsory accountings does not, or at least ought not, apply when the accounting is voluntarily made. In compulsory accountings the trend of opinion seems to be that a proceeding is barred by the statute of limitations if not commenced within six years from the time the right accrued to compel the same. The rule seems to preclude legatees and distributees from recovering by reason of their delay in availing themselves of opportunities once afforded. The policy of limiting to six years rights of actions is founded upon the difficulty of obtaining proofs to substantiate claims of payment and settlement after that

lapse of time, and the statute of limitations may be invoked as a protection by the accounting party. These executors, upon their own invitation, have brought all the parties interested in the estate into court for the purpose of having their accounts judicially settled, and for inspection of the accounts filed by them, which was to reveal a history of their stewardship, and be open to examination by all having an interest in this estate to whom the executors were properly accountable. The account also is a recital of their dealings with the estate; the debits and credits, and a full statement of the receipts and disbursements; the growth or shrinkage of the property taken into their control; the value and balance for distribution. That its accuracy or propriety might be tested by those interested by means of objections to be heard by the surrogate can be the only purpose for the existence of both the account and the citation. They now seek, however, to close the mouths of those in interest, so that the accounts rendered by them must be accepted as satisfactory, since they will, by virtue of the statute of limitations, which they now invoke, not suffer any one to be heard or say aught against their management of this estate. I am of the opinion that, by reason of this accounting being a voluntary one on the part of these executors, and the parties now before this court having been cited upon their own motion, the executors have waived their right, if it existed, to set up the statute of limitations to the objections of these legatees. A party may waive a statute, and even a constitutional provision made for his benefit; and, having once done so, cannot afterwards ask for its protection. In re Cooper, 93 N. Y. 507. I am aware of some cases which hold that the statute may be pleaded at any time, and is not waived by the filing of a voluntary accounting, though, in the majority of cases, it has been so held only where the accounting was a compulsory one, and the statute was pleaded by way of answer, where the proceeding arose by an order to show cause why the accounts should not be rendered and settled. There is a distinction, of much force, to my mind, whether such a proceeding arises by way of compulsion or is done voluntarily. These executors now seek at one time to have their accounts settled and themselves discharged, and to deny to others whom they have invited to examine their accounts and the history of their conduct with reference to their trust to be mere onlookers, without any rights or privileges. It would seem that, this account having voluntarily been filed, and a citation issued upon the application of these executors for all persons interested to be present when such an account was to be passed, is a clear admission of their liability to account.

I am also of the opinion that the accounting parties in this proceeding cannot petition for a voluntary settlement of their accounts, and cite all parties in interest to appear upon a return day, and, when appearance is made, and objections filed against the account so voluntarily rendered by them, then for the first time raise the statute of limitations as a bar. It would, indeed, be a travesty to refuse the legatees the right to be heard when the executors themselves ask that these legatees be cited to attend their settlement. When it is remembered that these executors are also named in the

will as trustees, and the question presented is disposed of, keeping in mind the trust relation of the parties, the same conclusion must be reached. While executors are, perhaps, only technically trustees of the property of their testator, it has often been held, as against the beneficiaries under the will, that the statute of limitations cannot be availed of as long as such relation exists. So long as the trust continues, and is acknowledged or acted on by the parties, the statute does not apply. These executors are named as trustees in the will, and have been handling the estate and making payments to the distributees as late as January, 1900, never assuming an adverse position to the rights of any one interested. In re Jones, 51 App. Div. 420, 64 N. Y. Supp. 667, holds:

"The rule is that, as long as there is a subsisting and continuing trust, acknowledged or acted upon by the parties, the statute does not apply; but, if the trustee denies the right of his cestui que trust, and the possession of the property becomes adverse, lapse of time from that period becomes a bar in equity. Kane v. Bloodgood, 7 Johns. Ch. 90. Until that adverse possession comes to exist, and the trust for that reason becomes extinguished, the cestui que trust is entitled to his accounting. In re Camp, 126 N. Y. 377, 27 N. E. 799."

It has also been held in Young v. Young, 2 Misc. Rep. 381, 21 N. Y. Supp. 1008, where there is a general accounting of both real and personal estate from the time the trust was created down to the time of trial, there is no statute of limitations. Motion to dismiss objections denied.

Motion denied.