In the Matter of the Estate of JOHN C. MILES, Deceased.

ROSE LEROY, Appellant; ANDREW CARMER, as Administrator, etc., et al., Respondents.

SURROGATES' COURTS — ALLOWANCE OF CLAIMS AGAINST DECEDENT'S ESTATE — CODE CIV. PRO. § 2722. Section 2722 of the Code of Civil Procedure, providing for the payment of a claim against a decedent's estate, but requiring the surrogate to dismiss the petition without prejudice to an action or an accounting, if the executor or administrator files a verified answer denying the validity or existence of the claim, prohibits the surrogate from adjudicating upon a disputed claim, but does not, either expressly or by implication, deprive him of the right to decide whether or not a claim has been rejected or allowed, and where upon competent and sufficient evidence he decides it was admitted and allowed he may properly direct its payment.

*Matter of Miles*, 61 App. Div. 562, reversed.

(Argued February 10, 1902; decided February 25, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, made May 15, 1901, which reversed a decree of the Erie County Surrogate's Court directing the administrators of the estate of John C. Miles, deceased, to pay to the appellant herein a balance alleged to be due upon a claim against such estate, and dismissed the proceeding.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*Seward A. Simons* for appellant. The preliminary motion to dismiss the proceeding made by the respondent's counsel at the opening of the trial was properly denied. (Redf. on

Surr. 83; *Crouse* v. *Wilson*, 73 Hun, 356; Code Civ. Pro. § 2728; *Matter of Killan*, 66 App. Div. 312; *Matter of Patterson*, 79 Hun, 371; *Matter of Hodgman*, 140 N. Y. 430; Code Civ. Pro. §§ 2742, 2743; *Matter of Cowdry*, 5 Dem. 453; *Schmidt* v. *Hausner*, 4 Dem. 275.) The respondents erroneously assumed on the trial, and take the same position before this court, that the appellant was and is limited to any rights which she may have under section 2722 of the Code of Civil Procedure. (Code Civ. Pro. §§ 2481, 2728, 2742, 2743.) The Surrogate's Court has jurisdiction to determine whether a claim has been admitted, to whom such a claim is payable and the sum to be paid. (*McNulty* v. *Hurd*, 72 N. Y. 518; *Matter of Wagner*, 119 N. Y. 31; *Ruthven* v. *Patten*, 1 Robt. 416; *Matter of Mansfield*, 7 Misc. Rep. 383; *Tucker* v. *Tucker*, 4 Abb. Ct. App. Dec. 430; *Lambert* v. *Craft*, 98 N. Y. 348; *Magee* v. *Vedder*, 6 Barb. 355; *Underhill* v. *Newburger*, 4 Redf. 499; *Hoyt* v. *Bonnett*, 50 N. Y. 543.) The surrogate had the power to prescribe the course by which he was to determine whether the claim was admitted. (*Matter of Cowdrey*, 5 Dem. 454; *Lambert* v. *Craft*, 98 N. Y. 342.) Petitioner's claim was established by the account and upon the transfer tax proceeding. (*Matter of Gould*, 156 N. Y. 423; *McNulty* v. *Hurd*, 72 N. Y. 521.) The administrators are bound by their election to treat petitioner's claim as a valid and admitted claim against the estate. (*Kinney* v. *Kiernan*, 49 N. Y. 164; *Vose* v. *Cockroft*, 44 N. Y. 415; *Martin-Barris Co.* v. *Jackson*, 24 App. Div. 354; *Amherst College* v. *Ritch*, 152 N. Y. 323.) The administrators are estopped from showing that the petitioner's claim was not admitted. (*Schutz* v. *Morette*, 146 N. Y. 140; *Gillett* v. *Hutchinson*, 24 Wend. 184; *Carter* v. *Phelps' Admr.*, 8 Johns. 440; *Sage* v. *Woodin*, 66 N. Y. 578; *Chamberlain* v. *Dunlop*, 126 N. Y. 52; *Palmer* v. *Kingsford*, 112 N. Y. 352; *Blood* v. *Kane*, 130 N. Y. 514; Bigelow on Est. [5th ed.] 459, 506, 554, 660, 673, 717.) The answers of the respondents in connection with the account on file, which is set up in the answer and is a part of

the record of the Surrogate's Court, do not deny or raise an
issue upon the material allegations of the petition, neither do
they set up facts which show that it is doubtful whether the
petitioner's claim is valid and legal and denying its validity
or legality. (*Johnson* v. *Corbett*, 11 Paige, 265; *Wilcox* v.
*Smith*, 26 Barb. 334; 67 How. Pr. 347; *Schutz* v. *Morette*,
146 N. Y. 140; *Cooper* v. *Felter*, 6 Lans. 485; *Matter of
Mullon*, 145 N. Y. 98; *Matter of Reed*, 2 N. Y. S. R. 342;
Code Civ. Pro. §§ 412, 414; *Matter of Macaulay*, 94 N. Y.
574; *Matter of McCarter*, 94 N. Y. 559; *Matter of Miller*,
70 Hun, 61; *Solomon* v. *Heichel*, 4 Dem. 179.) The testi-
mony of Attorney Paxon was competent; in any event it was
not necessarily prejudicial to the respondents. (*Hampton* v.
*Boylan*, 46 Hun, 151; *Martin* v. *Platt*, 51 Hun, 437; *Bren-
nan* v. *Hall*, 131 N. Y. 160; *Matter of Ross*, 87 N. Y. 514;
*Snyder* v. *Sherman*, 88 N. Y. 656; *Matter of Smith*, 95 N.
Y. 526; *Loder* v. *Whelpley*, 111 N. Y. 246; *Matter of Miner*,
146 N. Y. 136; *Nat. S. Co.* v. *N. Y. P. Exch.*, 100 N. Y. 607.)
There is nothing in the argument of the respondents that the
representatives of the estate had no power to waive the Stat-
ute of Limitations. (*Matter of Reed*, 2 N. Y. S. R. 342;
Code Civ. Pro. §§ 412, 414, subd. 4; *McClaren* v. *McMar-
tin*, 36 N. Y. 91; *Spicer* v. *Raplee*, 4 App. Div. 471; *Earle*
v. *Earle*, 93 N. Y. 104; *Matter of Niles*, 113 N. Y. 547;
*Sutere* v. *Burton*, 25 S. W. Rep. 822; *Blood* v. *Kane*, 130
N. Y. 514; *Morrow* v. *Morrow*, 12 Hun, 387; *De Freest* v.
*Warner*, 98 N. Y. 217; *Clark* v. *Van Amburgh*, 14 Hun,
557.) The decree against Lucina Miles, as administratrix and
individually, is in proper form. (*Matter of Underhill*, 117 N.
Y. 471; *Matter of Gall*, 47 App. Div. 490.) The Appellate
Division erred in dismissing that portion of the surrogate's
decree which opened the account. (*Matter of Giles*, 11 Abb.
[N. C.] 57; *Wetmore* v. *Wetmore*, 3 Dem. 414; 8 Ency. of Pl.
& Pr. 685; Code Civ. Pro. § 1830.)

*David Millar* for respondents. The verified answers of
the administrators had the effect of depriving the Surrogate's

Court of any jurisdiction to determine whether the petitioner had a valid claim against the estate. (Code Civ. Pro. § 2722; *Hurlburt* v. *Durant*, 88 N. Y. 121; *Fiester* v. *Shephard*, 92 N. Y. 251; *Lambert* v. *Craft*, 98 N. Y. 342; *Matter of Clauss*, 16 App. Div. 34; *Adams* v. *Glidden*, 6 Dem. 197; *Matter of Stevenson*, 77 Hun, 203; *Matter of Macaulay*, 94 N. Y. 574.) The court had no jurisdiction to try the question as to whether the administrators had allowed the claim of the petitioner. This was merely another way of determining whether the petitioner had a claim against the estate. (*Bucklin* v. *Chaplain*, 1 Lans. 447; *Young* v. *Hill*, 67 N. Y. 172; *Samson* v. *Friedman*, 102 N. Y. 669; *Lockwood* v. *Thorne*, 18 N. Y. 285; *Matter of Cowdrey*, 5 Dem. 457; *Matter of Stevenson*, 77 Hun, 205–207; *Matter of Clauss*, 16 App. Div. 34; *Tucker* v. *Tucker*, 4 Keyes, 136.) It was error for the court to hold and decide that he had jurisdiction to determine whether the administrators had allowed the claim of the petitioner. (*Ruthvan* v. *Patten*, 1 Robt. 416; *Lambert* v. *Craft*, 98 N. Y. 342; 1 Story's Eq. Juris. § 526; *Lockwood* v. *Thorne*, 11 N. Y. 170; *Matter of Cowdrey*, 5 Dem. 453; *Matter of Stevenson*, 77 Hun, 203; *Matter of Hammond*, 92 Hun, 478; *Matter of Young Men's Christian Association*, 22 App. Div. 325; *Matter of Wagner*, 119 N. Y. 36.) It was error to override the objection to the evidence of William B. Paxon who was called to give evidence of his personal interviews with Lucina Miles while acting for her in the capacity of counsel. (*Matter of Smith*, 95 N. Y. 516; Code Civ. Pro. § 2545.) If petitioner had any claim against decedent it was a claim for services rendered by her to him between the years 1853 and 1863, and was barred by the Statute of Limitations, and could not have been allowed by the administrators by any agreement oral or in writing so as to become binding upon the estate. (*Schutz* v. *Morette*, 146 N. Y. 137; *Butler* v. *Johnson*, 111 N. Y. 204.) If by any dealings between petitioner and Lucina Miles and Andrew Carmer, either individually or as administrators, which took place subsequent to the time of their

appointment they or either of them became liable to the petitioners in any way she had an action against them personally, but not in their representative capacity. (*Schutz* v. *Morette*, 146 N. Y. 137; *McLarin* v. *McMartin*, 36 N. Y. 91.)

WERNER, J. Prior to October, 1894, John C. Miles died intestate in the county of Erie in this state. On October 29th, 1894, letters of administration upon his estate were issued to Lucina Miles and Andrew Carmer. On or about March 21st, 1895, said administrators caused a notice to be published requiring creditors having claims against the estate of said John C. Miles to present the same on or before October 1st, 1895. In 1898 said administrators made and filed an account of their proceedings and thereupon a decree was made judicially settling the same and directing the payment to said Lucina Miles, as sole heir at law of said John C. Miles, of the whole of his estate amounting to upwards of $16,000.00. The petitioner had no notice of said accounting, settlement and distribution. In August, 1900, this proceeding was instituted to procure a revocation of the decree settling the said administrator's accounts and to compel the payment of the petitioner's claim against said estate. The petition alleges, among other things, that the petitioner had a claim against the estate of said Miles, deceased, amounting to the sum of $3,000.00, which the decedent in his lifetime ordered and directed to be paid by said Lucina Miles upon the settlement of the estate; that said claim was duly presented to said administrators and was by them duly admitted and allowed; that thereafter said administrators assigned to the petitioner a number of notes and accounts belonging to said estate, with the request that petitioner collect the same and apply the proceeds thereof upon her claim; that the petitioner took said notes and accounts, proceeded to collect such as were collectible and applied the proceeds thereof upon her claim; that the petitioner thereupon demanded payment of the balance of her claim, which was refused.

The respondents in this proceeding filed separate answers denying the allegations of the petition and thereupon moved for a dismissal of the proceeding under section 2722 of the Code of Civil Procedure which, so far as applicable to this case, reads as follows : " In either of the following cases a petition may be presented to the Surrogate's Court, praying for a decree directing an executor or administrator to pay the petitioner's claim, and that he be cited to show cause why such a decree should not be made. : 1. By a creditor, for the payment of a debt, or of its just proportional part, at any time after six months have expired since letters were granted. * * * On the presentation of such a petition, the Surrogate must issue a citation accordingly ; and, on the return thereof, he must make such a decree in the premises as justice requires. *But in either of the following cases the decree must dismiss the petition without prejudice to an action or an accounting, in behalf of the petitioner: 1. Where the executor or administrator files a written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality absolutely, or on information and belief. * * * *"*

The motion to dismiss the proceeding was denied. The Surrogate's Court held that, although the filing of the answers ousted it of jurisdiction to decide upon the merits of petitioner's claim, it still retained jurisdiction to determine the question whether said claim had been admitted and allowed by the respondents as such administrators. That issue was tried and decided in favor of the petitioner, and the respondents were directed to pay the balance remaining unpaid upon said claim. Upon appeal to the Appellate Division the decree of the Surrogate's Court was reversed upon the ground that, by the provisions of said section 2722 of the Code, the filing of respondents' answers herein divested the latter court of any jurisdiction in the premises. We think the Surrogate's Court was right in holding that it had jurisdiction to decide the question whether the petitioner's claim had been admitted and allowed by the respondents. When a claim \has been

allowed it is established (*McNulty* v. *Hurd*, 72 N. Y. 520), and it would be a contradiction in terms to say that an established claim can or should be litigated in an action or upon proceedings for an accounting. The very fact that the Surrogate's Court is prohibited from adjudicating upon a disputed claim would seem to imply the existence of the right to ascertain whether a claim is in reality disputed or not. If this is not so, an executor or administrator may with impunity admit and allow a claim, for the purpose of lulling the creditor into a sense of security, until his strict legal remedy is barred by the Statute of Limitations, and then by the filing of an answer in such a proceeding as this, send the creditor out of court without remedy or redress. Said section 2722 of the Code, like many others which are apparently explicit and comprehensive in terms, fails to provide for a contingency which, in the nature of things, must exclude such a proceeding as this from its operation. Under its provisions the merits of a claim cannot be litigated. That much is clear and unequivocal. But when there are no merits to litigate how can a case be said to come within its operation? It is true that in some cases the mere filing of an answer denying the validity or existence of a claim may raise an issue which necessarily involves the merits and thus divests the Surrogate's Court of jurisdiction. But there are other cases, of which the one at bar is a conspicuous illustration, where the facts relating to the admission and allowance of a claim are so conclusive that it would be a substantial denial of justice to refer the claimant to another forum, only to be met with a plea of the Statute of Limitations. The section under consideration does not in express terms or, as we think, by fair implication, deprive a Surrogate's Court of the right to decide whether a claim has been rejected or allowed and it should not be so construed as to strip him of that salutary power. An executor or administrator may insist upon a literal compliance with all the legal requirements relating to the presentation of claims against the estate which he represents, but he has the power to waive such compliance

6

(*Gansevoort* v. *Nelson*, 6 Hill, 391), and when he does he should not be permitted to make an unjust use of such waiver. The circumstances which are relied upon by the petitioner to show that her claim was duly presented, admitted and allowed, are so cogent and convincing that the respondents should not now be heard to interpose a denial which, if accepted, would amount to a successful plea of the Statute of Limitations. (*Willcox* v. *Smith*, 26 Barb. 318.) Assuming, therefore, that the Surrogate's Court had jurisdiction to determine the essential fact whether the petitioner's claim had been rejected or accepted, we must abide by its decision if there was evidence to support it and the facts have not been disturbed by the order of the Appellate Division. The inference that this claim was admitted and allowed is irresistible. The strictly technical character of the claim is left in some obscurity by the evidence. Whether it was regarded by the petitioner and the respondents as a claim for services, or a gift from the intestate, is not entirely clear. One fact is, however, definitely and unmistakably established and that is, that the petitioner's claim, whatever its legal character or name, was regarded and treated as just and was admitted and allowed by the respondents. This was the only fact which the Surrogate's Court assumed to decide. Its decision upon this fact is amply sustained by the evidence. The order of the Appellate Division reversing the decree of the Surrogate's Court is silent as to the grounds upon which it was made and this court must, therefore, assume that such reversal was upon questions of law and not upon questions of fact. (Section 1338, Code Civ. Pro.) In this state of the record, our view of the legal question involved requires a reversal of the order of the Appellate Division and an affirmance of the decree made by the Surrogate's Court, unless the evidence relied upon to sustain said decree was incompetent and prejudicial to the respondents. The proceeding was quite informal in many respects and some evidence was elicited that was not strictly germane to the question whether the petitioner's claim had been rejected or admitted and allowed. In such proceedings some degree of irregularity is inevitable.

No distinct and undeviating line can be drawn between the facts and circumstances which are relevant only to the single question at issue and other facts and circumstances which may bear remotely upon that question but more directly upon others. The only specific objection to any of the evidence offered on behalf of the petitioner, which we deem it necessary to consider, is that which challenges the testimony of the witness Paxon as privileged under section 835 of the Code of Civil Procedure. There are two answers to this objection. The other evidence, relating to the admission and allowance of this claim, is so conclusive that the elimination of the objectionable testimony could not change the result. The transfer of notes and accounts to the petitioner, the retention by her of the proceeds thereof, and the formal admissions of the account in the Surrogate's Court, sworn to by the respondents, leave but little, if any, room for doubt upon that question. It is obvious, moreover, that the learned Appellate Division did not base its order reversing the surrogate's decree upon errors of the latter court in the admission of incompetent evidence, for if that were the case it would have sent back the proceeding for a rehearing instead of dismissing it absolutely as was done by the order before us.

This proceeding, like many others of its class, is not free from embarrassing difficulties, but under our construction of said section of the Code, as applied to the facts of this record, the order of the Appellate Division must be reversed and the decree of the Surrogate's Court affirmed, with costs to the petitioner and appellant in all courts.

PARKER, Ch. J., GRAY, BARTLETT and HAIGHT, JJ., concur; O'BRIEN and CULLEN, JJ., dissent.

Ordered accordingly.