On proceedings for the settlement of an executor's account, an admission by him in open court that he takes no issue with any creditor as to the amount due on his claim of the time when it accrued binds the estate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 832.]

3. SAME—PAYMENT OF DEBTS.

Testator gave his whole estate to his executors in trust, with power of sale to pay debts, etc., to be exercised when they deemed advisable. His real property was incumbered and unsalable, and the executors made no sale thereof for 10 years after his death, during which time they had no assets to pay debts. *Held,* that they were trustees of the creditors, so that limitations did not run until sale of the real estate.

4. SAME—LIMITATIONS.

Where creditors of an estate were told by an executor that their claims would be paid when the real estate was sold, the executor could not interpose the bar of limitations to such claims after the sale of the real estate.

In the matter of the judicial settlement of the estate of Daniel B. Prince, deceased. Decree rendered.

H. S. Bedell, executor in person, and by W. B. Bliss.

W. J. Cagwin, for Cornelia O. Prince, Ora C. Prince, and Flora Bell Crego.

W. W. Byam, for Charles Byam.

E. A. Rowland, for Glen W. Petrie and G. G. Clarabut.

John S. Baker, for N. C. Scudder, S. O. Scudder, John S. Baker, and J. J. Guernsey.

C. H. Dunning, for John Baynes, Bangs & Gaynor, and N. B. Rudd.

O. P. Backus, for Spencer & White.

John R. Edwards, in pro. per.

E. L. O'Donnell, for Augustus Prince.

J. P. Gubbins, in pro. per.

SEXTON, S. On June 14, 1894, the above-named Daniel B. Prince died at Rome, N. Y., leaving a will which was probated September 11,

1894. Harvey S. Bedell, George Barnard, and Willard H. Prince were named as executors and trustees. They all qualified and entered upon the discharge of their duties. Barnard died in 1896, since which time Bedell and Prince have managed the estate. The usual notice to creditors to present claims was published in 1894, and, on March 26, 1895, an inventory was filed, showing personal property in the amount of $7,176.87, which consisted largely of old hotel furnishings. The claims of the creditors were all filed not later than 1896, and amounted to $2,112.17.

Said executors, on December 19, 1906, voluntarily filed their first account of their proceedings in this estate, which showed a balance to the credit of the estate of $99.36. In or about May, 1907, the real estate was sold by the executors, and a supplemental account filed, showing to the credit of said estate $19,352.01, out of which was paid incumbrances, taxes, and other expenses, amounting to $12,331.78, leaving in the executors' hands $7,020.23 to be distributed. All of the creditors were cited, and they asked that their claims be directed paid on the accounting. The executors pleaded in bar the six years' statute of limitations. The court has jurisdiction to decide the question whether the claims of all these creditors had been admitted and allowed by the executors. Matter of Miles, 170 N. Y. 75, 62 N. E. 1084. The following questions are to be decided: First. Were the claims of all creditors admitted and allowed by the executors? Second. If admitted and allowed, is the statute of limitations a bar to their payment?

The claims of creditors were all filed with some one of the three executors before the close of 1896. After reasonable opportunity has been given for an examination into the validity and fairness of a claim which is presented, if the representative of the estate does not offer to refer it on the ground that he doubts its justice or disputes it as unjust, it acquires the character of a liquidated and undisputed debt against the estate. This should be so on principle. Underhill v. Newburger, 4 Redf. Sur. 499; Magee v. Vedder, 6 Barb. 352, are to that effect. There seems to be no authority to the contrary. Lambert v. Craft, 98 N. Y. 432.

The record shows that Executor Bedell stated in open court:

"We do not take issue with any creditor who has presented his claim as to the amount due upon his claim, as to the time when the claim accrued, as to the validity at that time of the claim."

If there was any doubt as to whether said claims were liquidated, it is removed by the binding admission, in open court, by Executor Bedell. This admission binds the estate, notwithstanding that there are two surviving executors, as the acts of one, where the estate is vested in two or more executors, are deemed the acts of all. Wheeler v. Wheeler, 9 Cow. 34; Brennan v. Lane, 4 Dem. 322, and cases cited. The allowance by an executor of a claim presented against an estate "establishes, prima facie, the accuracy of the items without other proof; and the opposite party is bound to show affirmatively a mistake or error." Lambert v. Craft, supra; Matter of Warrin, 56 App. Div. 414, 67 N. Y. Supp. 763. Whether a claim has been paid or not,

the principle is the same. Matter of Warrin, supra. There are liquidated debts against the estate amounting to $2,112.17, and to the credit of the estate $7,020.23; and it is therefore the court's duty to decree their payment in due course of administration. Lambert v. Craft, supra.

We now come to the second question, as to whether the statute of limitations bars the creditors from participating in the distribution of the funds of this estate. The will by its terms gave.to the executors in trust all of the personal and real estate of the testator, for the purpose of paying all debts, funeral and testamentary expenses, legacies, etc., with a direction to sell, but at a time when, in their judgment, it would be for the best interests of the estate. The power was also given to them to use any or all of the personal estate for the purpose of taking care of the real estate until the same should be sold.

On the trial Executor Bedell testified:

"Down until the time the real estate was sold, which was recently, we did not at any time have any money that could be applied in payment of any of the creditors' claims that had been presented against the estate, after paying taxes and insurance, and sometimes we didn't have anywhere near enough to meet those without borrowing. If we had wanted to we never could have paid a dollar on any of the claims of the creditors consistently, as we had no surplus to protect the real estate from tax sale and foreclosure. We never had any opportunity of selling the real estate until we did sell it—never could get an offer. We tried from time to time to sell it, and sold it at the very first opportunity. There never was a time, after Mr. Prince's death, when a creditor could have collected a judgment against the estate, had he put his claim in judgment, prior to the time of the sale of the real estate, without selling the real estate subject to the incumbrances. If any of the creditors had sued their claims within the 7½ years, that would have prevented the statute of limitations from running, but could not have got the money without forcing a sale of the real estate."

There being a discretionary power of sale in the executors and trustees, a sale could not have been forced by the creditors, except upon a proceeding to force the executors to exercise their discretion, which would not have been entertained except upon proof of an abuse of that discretion. On the evidence, the real estate was mortgaged and undesirable; and, there being no one who could be induced to purchase the property, no court would have forced a sale, the effect of which would have been to wipe out substantially all equity which the estate had in the property.

The property in question was effectually devised, expressly charged with the payment of debts, funeral, and other expenses, and the will contained a valid power of sale for the payment thereof. Hence, prior to the amendment of 1904, the creditors could not have forced a sale of the real estate for the payment of their claims, under section 2757, subd. 4, of the Code. Dennis v. Jones, 1 Dem. Sur. 80; Matter of Rosenfield, 5 N. Y. St. Rep. 339, and cases cited; Matter of Smith, 19 N. Y. St. Rep. 898; Matter of Hesdra (Con. Sur.) 20 N. Y. Supp. 79, and cases cited. The evidence shows that there was at no time personal property in the hands of the executors, for the payments of debts, so that an application to the Surrogate's Court for an execution upon a judgment or decree would have been denied, and section 2552 of the Code would have been held inapplicable. Matter of Monell, 28 Misc.

Rep. 308, 59 N. Y. Supp. 981. The burden is upon the person seeking an execution upon a judgment recovered against a representative of an estate to show in the hands of such representative sufficient funds of the estate applicable to the payment of the judgment. Matter of Gall's Estate, 40 App. Div. 114, 57 N. Y. Supp. 835; Matter of Lazelle, 16 Misc. Rep. 515, 40 N. Y. Supp. 343. A creditor with a judgment would not be more strongly entrenched, legally, than a creditor with a liquidated claim, as the allowance of a creditor's claim is a determination that it is a valid and subsisting claim against the estate, entitled to share in the distribution of the proceeds of the estate. For that purpose it is just as effective, unless disproved as a judgment of a court of competent jurisdiction. Matter of Warrin, supra. Executors and administrators are but trustees to settle the estate under his or their direction or control, agreeably to the principles of the statute. Nothing is gained by obtaining a judgment against them, beyond the liquidation of the debt. A creditor gets no costs, except at the discretion of the court, and the result is the same whether the suit be defended or not. Butler v. Hempstead, 18 Wend. 666; Mayor v. Gorman, 26 App. Div. 191, 49 N. Y. Supp. 1026. When a claim has been allowed it is established. McNulty v. Hurd, 72 N. Y. 520. And it would be a contradiction in terms to say that an established claim can or should be litigated in an action or upon proceedings for an accounting. Matter of Miles, supra. Executors are not now the mere representatives of their testator or intestate, but stand in a different relation to creditors of deceased persons with whose estates they are intrusted than they formerly did. They are now consituted trustees; and the property in their hands is a fund to be disposed of in the best manner for the benefit of creditors, and not liable, as it once was, to be dissipated in bills of costs created by the anxiety of creditors to obtain the first judgment. Dox v. Backenstose, 12 Wend. 542. An executor holds, not in his own right, but as a trustee for the benefit (1) of the creditors of the testator, and (2) of those entitled to distribution under the will, or, if not all bequeathed, under the statute of distributions. Blood v. Kane, 130 N. Y. 514, 29 N. E. 994, 15 L. R. A. 490.

In the case at bar there never has been any accounting, and the executors occupy the same relation to the estate as they did at the time they qualified. Hence, their trust has been continuous, and, they not having openly or in any manner repudiated their trust, or taken any position hostile to the interest of the creditors or others interested in the estate, and having done no act to set the statute in motion since they allowed the claims herein, the statute of limitations does not apply, and is not a bar, on this accounting, to claims of creditors. Matter of Camp, 126 N. Y. 377; 27 N. E. 799; Matter of Lyth, 32 Misc. Rep. 608, 67 N. Y. Supp. 579. There was evidence in the case, given by several creditors, that they were told by deceased Executor Barnard that their claims were all right and would be paid when the real estate was sold. In view of this evidence, and of all the facts and circumstances in the case, as well as the provisions of the will, the statute of limitations should not be available as a bar. An executor or administrator may not, with impunity, admit and allow a claim for the purpose of lulling a creditor into a sense of security, until his strict

legal remedy is barred by the statute of limitations, and then, by filing an answer in such a proceeding as this (accounting), send the creditor out of court without remedy or redress into another forum, only to be met with a plea of the statute of limitations. Matter of Miles, supra. Law is founded on justice, and should have its eye on the equity side of every case.

If we assume that the statute does run in such a case, it cannot commence running until the creditor's right to call the representatives of the estate to an account has accrued. The right to call the executors to an account in the case at bar, for moneys received from the sale of the real estate, could not accrue until they had sold the real estate and received the money. Upon the evidence, no sale was ever had until in or about May, 1907. On the accounting herein, about $99 of personalty, made up of rents, was shown to be a part of the estate subject to be wiped out by commissions and expenses of the accounting. The general rule is that the six years' statute of limitations applies to proceedings against executors and administrators brought to compel an accounting of the personalty. Such a rule cannot be invoked on a voluntary accounting of the proceeds of the sale of real estate only, particularly when such accounting is had within six years after the receipt thereof. Matter of Sargent, 42 App. Div. 301, 59 N. Y. Supp. 105.

There is another view of this case, which, if correct, excludes the statute of limitations as a bar: Where there is a general accounting of both real and personal estate, from the time the trust was created down to the time of the trial, there is no statute of limitations. Young v. Young, 2 Misc. Rep. 381, 21 N. Y. Supp. 1008; Matter of Lyth, supra. Accounting parties cannot petition for a voluntary settlement of their accounts and cite all parties in interest to appear upon the return day, and, when appearance is made and objections filed against the account so voluntarily rendered by them, then for the first time raise the statute of limitations as a bar. Matter of Lyth, supra.

In the case at bar I hold and decide that the statute of limitations, under the peculiar facts of this case and the language of the will, did not begin to run until the time of the sale of real estate, in or about May, 1907, and said statute is not a bar to any of the claims heretofore presented against said estate by the creditors. It therefore follows that the claims of all of the creditors which have been filed are valid and subsisting claims against the estate in their respective amounts. The claims, not having been rejected, must be deemed to have been allowed as of the time of the filing of same. The rule laid down in Excelsior Terra Cotta Co. v. Harde, 181 N. Y. 11, 14, 73 N. E. 494, 106 Am. St. Rep. 493, I think must control in this case on the subject of interest. Interest is allowed on each claim from the date of filing with the executor.

Decreed accordingly.