CHARLES W. DENNISTON, Plaintiff, *v.* AMMON G. SNYDER and ARTHUR G. SEITZ, as Executors, etc., of FRED H. SNYDER, Defendants.

(Supreme Court, Monroe Special Term, December, 1916.)

Interpleader — order of — when not granted — actions — Code Civ. Pro. §§ 820, 2680.

An interpleader will not be granted under section 820 of the Code of Civil Procedure to bring in general creditors on motion of executors in an action brought against them to establish a claim against the estate where the general creditors notify the executors that they dispute the claim, since under section 2680 of the Code of Civil Procedure neither the estate nor the executors are liable to any hazard, damage or loss if the action is prosecuted in good faith and without negligence.

MOTION by defendants to interplead creditors of their testator.

Hubbell, Taylor, Goodwin & Moser (Fred C. Goodwin, of counsel), for plaintiff, opposed.

Lewis, McKay & Bown (Clarence W. McKay, of counsel), for defendants, for motion.

Warren, Shuster & Case (Clarence E. Shuster, of counsel), for National Bank of Commerce, opposed.

RODENBECK, J. The defendants are not entitled to interplead the creditors of their testator because they are not subjected to any double hazard, loss or damage with respect to plaintiff's claim. The defendants are trustees for the creditors and are bound to inter-

pose all valid defenses to plaintiff's claim. *Matter of Prince,* 56 Misc. Rep. 222, 227. The recovery of a judgment in the action would merely establish the claim and would not give any priority over other claims of the same class. *Matter of Nelson,* 63 Misc. Rep. 627, 632. The recovery of a judgment would give the claim no greater force than if the executor's had allowed the claim without objection. *Matter of Warrin,* 56 App. Div. 414. Section 2680 of the Code of Civil Procedure places a judgment upon a claim upon the same footing as an admitted claim. Heaton Surr. (3d ed.) 1156. Like the admission of a claim the recovery of a judgment on a claim establishes the claim upon the accounting but any party adversely affected thereby may file objections thereto and may attack the judgment on the ground that it was fraudulently or negligently obtained. Code Civ. Pro. § 2680. Where the executors defend a claim in good faith and without negligence the judgment cannot be attacked nor can they be subjected to any liability for their conduct. Id. The executors in this instance, therefore, are not subjected to any hazard, damage or loss by reason of the claim made by the general creditors provided they proceed in good faith to defend the action brought by the plaintiff and prosecute it without negligence.

The motion to interplead should be denied, with ten dollars costs of motion.

Motion denied, with costs.