In the Matter of the Judicial Settlement of the Account of Proceedings of FLORENCE P. GOEPEL, as Executrix, and FREDERICK N. GOEPEL, as Executor, etc., of WALTER E. GOEPEL, Deceased, Appellants.

WALTER EUGENE GOEPEL and Others, Respondents.

First Department, April 21, 1922.

Executors and administrators — accounting — objections filed to payment of certain claims against estate — evidence showed claims properly paid — burden of proof on objector where claim is formally presented.

Objections filed to the payment by the executors of certain claims against the estate of a decedent should be overruled, although the executors did not require the claims to be formally verified and did not take vouchers for their payment, where the only evidence with respect to the validity of the claims is presented by the executors and such evidence shows that the claims were properly paid.

*It seems*, that, if a claim is formally presented, allowed and paid and a voucher taken therefor, the burden of showing that it was improperly paid is on the party objecting to the allowance thereof.

APPEAL by Florence P. Goepel and another from so much of a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 25th day of July, 1921, as resettled by a decree entered in said surrogate's office on the 10th day of August, 1921, as surcharges their accounts with certain items.

*Gould & Wilkie* [*Charles G. Keutgen* of counsel], for the appellants.

*James J. Golden*, special guardian [*William F. Lally* of counsel; *William Berg* with him on the brief], for the respondents, Walter Eugene Goepel and others.

LAUGHLIN, J.:

This proceeding was instituted by the appellants for the judicial settlement of their accounts. The testator left an estate of the value of $37,239.16, consisting wholly of personal property. He owed debts allowed and paid by the appellants to the extent of $7,068.64, which included two claims of C. F. Goepel & Co. against the estate, one for $2,896.25, and the other for $500. The appellants paid these claims and by their accounts credited themselves therewith. The special guardian of three infant children of the testator filed objections to those credits in the accounts. On the hearing, on the objection to the accounts, counsel for the appellants contended that the burden was upon the special guardian to prove that payment by them of these two items was not warranted. The surrogate ruled that such burden was on the appellants, and they excepted and presented evidence tending to show that the testator was indebted to C. F. Goepel & Co. in those amounts. The executrix was the wife of the testator and the executor was his brother. The will was executed on the 11th of October, 1910, after the marriage of the testator, but before the birth of the children. The testator made certain minor bequests and left the residue of his property to his wife; but under the statute the afterborn children are entitled to take two-thirds of the estate. (Decedent Estate Law, § 26.) The name of the father of the testator was Charles F. Goepel, and he dealt in piano supplies. His executrix, Fannie J. Goepel, the mother of the testator, continued the business under the trade name of C. F. Goepel & Co., and employed the testator on a salary to manage the business for her from 1907 until his death. During that period he had entire and exclusive charge of the business. There is no evidence that either of the appellants had any interest in the estate of the father of the testator, and it appears that his mother was entitled to all the income therefrom. It was not shown that a formal verified claim for this indebtedness was presented to the appellants, as might have been required by them (Code Civ. Proc. § 2677, formerly § 2718, and now Surr. Ct. Act, § 207), or that the appellants took or filed with their accounts any vouchers for these payments. (See Code Civ. Proc. § 2731, now Surr. Ct. Act, § 263.) If the claim was formally presented, allowed and paid and a voucher taken therefor, then the burden of disproving it would have been on the party objecting to the allowance thereof. (*Matter of Frazer*, 92 N. Y. 239; *Boughton* v. *Flint*, 74 id. 476; *Matter of Warrin*, 56 App. Div. 414; *Matter of Sprague*, 40 id. 615.) In the case at bar it is unnecessary to decide whether the learned surrogate erred in so ruling with respect to the burden of proof, for the uncontroverted evidence shows that both claims were

properly paid. The only evidence with respect thereto was presented by the appellants. It consists of the testimony of the bookkeeper for C. F. Goepel & Co. and of the executor and of records produced from the Chatham and Phenix Bank. The bookkeeper testified that he had been bookkeeper for C. F. Goepel & Co. since 1907; that the salary of the testator was paid by checks signed by his mother as executrix, when he asked for it; that on the 1st of January, 1919, there was nothing to his credit or charged against him on his personal account; that during the year 1919 the salary of the testator was $200 per week with a bonus of $5,000 for the year, and was so stated to the witness by the testator in the presence of his mother, who apparently acquiesced therein, and she directed the witness to credit the testator with such salary and bonus; that the testator was drawing more than his salary, and the witness spoke to him about it, and he promised to make it up before the end of the year; that from January 1, 1919, to the time of his death the testator drew $15,196.25 on checks signed by his mother as executrix, and all of them were charged to his salary account; and that his salary during that period aggregated $11,800, leaving his account overdrawn $2,896.25; that in February, 1919, the testator informed the witness that he had bought a $1,000 Liberty bond, and had only paid $100 or $200 on it and was being dunned by the bank for the balance, and requested that C. F. Goepel & Co. take it over by giving him a check for $500 then and the balance later, as he did not feel that he could pay it all himself, but, so far as the witness knew or was able to ascertain, C. F. Goepel & Co. never received the bond; that a firm check for $500 was accordingly given to the testator who indorsed it over to the Chatham and Phenix Bank, where he had purchased the bond, and the testator directed that it be charged to a special Liberty bond account. The evidence does not clearly show whether this check was so charged up or was charged to his salary account. A clerk of the bank produced a record showing that the testator had purchased from the bank Liberty bonds of the par value of $1,000, and the record contained the indorsement of the testator's receipt for them as follows:

"June 2/19 Received certificates for the above mentioned bonds.

                         "WALTER E. GOEPEL."

The account of the testator at that bank showed that he deposited $500 on the 15th of February, 1919, which was the day he received the check from the firm, and that it was thereafter checked out by him in small amounts. The executor, who was also employed in

the business, conducted by his mother as executrix of the father's estate, and drew the same salary as the testator, testified that, after diligent search among the effects of the testator, he had been unable to find the Liberty bonds, and that C. F. Goepel & Co. never received them. The only reasonable inference to be drawn from this evidence is that the testator owed these two items to his father's estate, and that they were properly paid by the appellants.

It follows that the provisions of the decree in so far as appealed from should be reversed, with separate bills of costs to all parties separately appearing, payable out of the estate, and the proceeding remitted to the surrogate for the substitution of appropriate provisions overruling the objections to these items in the account.

DOWLING, SMITH, PAGE and MERRELL, JJ., concur.

Decree, so far as appealed from, reversed, with separate bills of costs to all parties separately appearing, payable out of the estate, and the proceeding remitted to the surrogate for further action, in accordance with the opinion of this court. Settle order on notice.